**Harry A. MAYER, Defendant-Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff-Below, Appellee.**

Supreme Court of Delaware.

April 26, 1974.

* It appears that the State charged the defendant with possession of fifty bags but offered only ten bags into evidence.

B. Wilson Redfearn and Jeffrey S. Goddess of Tybout, Redfearn & Schnee, Wilmington, for defendant-below, appellant.

Joseph A. Hurley, Deputy Atty. Gen. Wilmington, for plaintiff-below, appellee.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

CAREY, Justice:

This appeal is taken by Harry A. Mayer, who was convicted in the Superior Court for possession of marijuana with intent to sell. He was found not guilty on the charge of possessing a firearm during the commission of a felony.[1] This appeal presents two questions for our consideration: (1) Was the search warrant in this

1. 11 Del.C. § 468A(a) (now 11 Del.C. § 1447) provides:

"468A. Possession of a deadly firearm during commission of a felony

"(a) Any person found to have had in his possession during the commission of a felony within this State any shotgun, rifle, pistol, revolver, zip gun, or other firearm or weapon capable of firing a missile or projectile with sufficient force to cause death or serious bodily injury shall be guilty of a felony and shall be imprisoned not less than 5 years nor more than 30 years and fined as the court in its discretion may prescribe."

case supported by an affidavit which was sufficient to establish probable cause for its issuance? and (2) Was prejudicial error committed by the Judge's refusal to sever the "firearm" charge from the "drug" charge?

I

We answer the first question in the affirmative. The complained-of search of Mayer's home occurred on November 16, 1971. That search was undertaken under the authority of a warrant which was issued after a Magistrate's consideration of the following affidavit:

"A. On or about 20 Aug. 71, Your affiant Det. C. Venable received information from Harry A. Mayer, WM, of 12 Augusta Dr., Chestnut Hill Est., Newark, Del. That he Harry Am. [sic] Mayer had dealt in large quantities of marijuana in the past and had never been caught selling marijuana because he was careful who he sold to. Harry A. Mayer further stated that he kept guns in house at all times and all his friends who came to his house to visit carried some type of gun. Harry A. Mayer stated that he had had as much as 100 lbs of marijuana at his house at one time.

"B. On or about 23 Aug. 71, Your affiant, Det. C. Venable, received information from Harry A. Mayer of 12 Augusta Dr., CHestnut Hill Est., Newark, Del. that he (Harry A. Mayer) would allow Det. C. Venable to search his residence at any time because he only kept a small quantity of marijuana there for his own personal use and it could be easily disposed of.

"C. On Aug.[2] 71, Your afiants [sic.] received information from a reliable confidential informant who has been reliable in the past in that reliable confidential informant has introduced Tpr. M. Neal to four sellers of contraband drugs during the last 3 months. These introductions resulted in drug purchases by Tpr. M. Neal from these drug sellers, arrests of those drug sellers will be made within the next 2 weeks. Reliable confidential informant stated that on 25 Aug. 71, he personally observed and smoked green plant material wrapped in plastic bags alleged [sic.] to be marijuana laying on top of chest on righthand side of fireplace at the residence of Harry A. Mayer of 12 Augusta Dr., CHestnutl [sic.] Hill Est., Newark, Del.

"D. On Aug.[2] 71, Your affiants received information from a reliable confidential named in paragraph C of this affidavit that he personally observed a bowl of green plant material alledged [sic.] to be marijuana on coffee table in living room at the residence of Harry A. Mayer of 12 Augusta Dr., Chestnutl [sic.] Hills Est., Newark, Del.

"E. On 12 Nov. 71, Your afffants [sic.] received information from reliable confidential informant named in paragraph C and D of this affidavit that Harry A. Mayer of 12 Augusta Dr., Chestnut Hill Est., Newark, Del. was going to get a large shipment of marijuana on 15 Nov. 71.

"F. On 15 Nov. 71, Your affiants received information from the relia-

2. We have assumed these dates to be August, "Aug." Throughout this case and in both briefs, these dates are referred to as August. Counsel have been unable to explain why the letters "Oct." appear to be superimposed over the letters "Aug." in the affidavit. If the true dates of the occurrences were in October, our view concerning the alleged staleness of the warrant would, of course, be greatly strengthened.

ble confidential informant named in paragraphs C, D and E of this affidavit that he knows of his own personal knowledge and belief that Harry A. Mayer, of 12 Augusta Dr., Chestnut Hill Est., Newark, Del. has a large quantity of marijuana in his possession which he is going to sell.

"G. The public directory will show that telephone number 737–3585, is registered to Harry A. Mayer of 12 Augusta Dr., Chestnut Hill Est.

"H. The records of the Delaware Motor Vehicle Dept., will show that Del. Reg. number C4367 is registered to a 67 Ford Pickup owned by H.A. Mayer, of 12 of Augusta Dr., Newark, del."

Appellant contends that the affidavit fails to establish probable cause. The specific challenges to the affidavit are: (1) There is insufficient information to support a Magistrate's finding that the informant (referred to in paragraphs C, D, E, and F above) was reliable; and (2) The warrant was not timely; although there might have been probable cause to issue the warrant in August, no such justification existed in November.

We answer these contentions thusly:

(1) While each case must be judged carefully on its particular facts, our holdings in Wilson v. State, Del.Supr., 314 A.2d 905 (1973); Garner v. State, Del. Supr., 314 A.2d 908 (1973); and Marvel v. State, Del.Supr., 290 A.2d 641 (1972) support our conclusion that the above affidavit supplies sound reason to believe that the informant was reliable. We hold that the affiants' statement that the informant's previous information had led to the purchase of drugs from four sellers during the past three months, coupled with the informant's detailed description concerning the manner in which his information was gathered, provided ample indicia of the reliability of the informant. Compare Spinelli v. United States, 393 U.S. 410, 89 S. Ct. 584, 21 L.Ed.2d 637 (1969) and Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Appellant suggests that there need be some additional independent corroboration of the informant's reliability with respect to the information related in paragraphs E and F. We know of no judicial authority which supports this contention, nor do we believe that the applicable provisions of the State or Federal Constitutions support the argument. Appellant's reliance upon Donlon v. State, Del.Supr., 293 A.2d 575 (1972), is misplaced. In that case, there was no averment of the reliability of the informant, and that is why we deemed the corroborative facts in that case to be significant.

Since there was justification for the belief that the informant was reliable, we do not pass upon the significance of the admission against penal interest which is contained in paragraph C above.

2. We now consider the argument that the warrant in this case was not timely. On this issue of staleness of the warrant, this is a very close case. It is clear that the issuance of a warrant in August or early September would have been timely. Appellant argues that the only information relating any criminal activity in November is contained in paragraphs E and F, and that these paragraphs contain the very kind of bald, conclusory assertions which are insufficient to establish probable cause. For this argument, he relies upon *Spinelli, supra; Auguilar, supra*; and Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

We do not decide whether this affidavit would support the issuance of a warrant on November 16, 1971, even if paragraphs E and F were omitted. Rather, we hold that, although the information in paragraphs E and F probably does not alone rise to probable cause for the issuance of a warrant, it was properly considered in determining whether the warrant should issue. The Magistrate had before

him sworn statements that the informant had observed marijuana on the premises in question on two dates in August. He also had assurance that the same informant knew of his own personal knowledge and belief that on November 15, 1971, the appellant had a large quantity of marijuana in his possession. All of this must be viewed in connection with the statements in paragraphs A and B.

Although we believe that if paragraphs E and F were the sole basis for the issuance of the warrant in this case the affidavit might well manifest constitutional deficiencies, we think that paragraphs E and F were properly entitled to some weight. The information in those paragraphs, coupled with the other sworn statements, depicts this appellant's continuing involvement with marijuana. Compare *Spinelli, supra; Aguilar, supra*; and *Giordinello, supra.*

Under the circumstances here present, we cannot say that it was unreasonable to believe that criminal activity probably was taking place on November 16, 1971. The warrant was supported by an affidavit which furnished probable cause for its issuance.

II

We find no error in the lower Court's refusal to sever the charges against this defendant. Superior Court Criminal Rule 8(a), Del.C.Ann., is designed to promote judicial economy and efficiency, provided that the realization of those objectives is consistent with the rights of the accused. We find that the offenses charged were "based on the same act or transaction" within the meaning of the Rule, and that the reasons supporting the joinder in this case far outweigh any minor "prejudice" which the defendant might have suffered by reason thereof. We perceive no reason to reverse the conviction on this ground.

For the aforementioned reasons, the conviction is affirmed.