# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) I.D. No. 1702014791
) 1702004658
WALTER FERINDEN, )
)
Defendant. )

Submitted: June 4, 2018
Decided: June 4, 2018

*Upon Defendant's Motion for Relief from Prejudicial Joinder*
**DENIED**

## MEMORANDUM OPINION

Jenna R. Milecki, Deputy Attorney General, Attorney for the State of Delaware

Joe Hurley, Esq., Attorney for Walter Ferinden

**Rocanelli, J.**

Before the Court is a Motion for Relief from Prejudicial Joinder filed by Defendant Walter Ferinden ("Defendant"). Defendant seeks separate trials for charges related to two different victims on the grounds that substantial prejudice will result from continued joinder. The State opposes Defendant's motion. The Court heard argument on Defendant's motion on April 18, 2018, and May 1, 2018. This is the Court's decision on Defendant's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2016, the New Castle County Police Department was asked to assist in an investigation being conducted by the FBI and New Jersey Detectives into late reported child sexual abuse. The investigation began when Thomas Leary contacted police to report that Defendant committed sexual abuse against him in approximately 1990. Leary alleged that the abuse began after he joined Defendant's hockey team when Leary was approximately thirteen years old. According to Leary, Defendant began buying Leary equipment, giving him money, and driving him to and from hockey practice. Leary alleges that Defendant then began taking Leary on trips in multiple states, where they would stay in hotel rooms. Leary alleges that he and Defendant would share a bed during these trips, and that Leary would often wake up to Defendant thrusting against Leary's side.

Leary claims that two incidents of abuse occurred in Delaware. First, Leary alleges that Defendant placed his hands down Leary's pants and attempted to touch

1

Leary while the two shared a bed at a Howard Johnson, but Leary pushed his hand away. Second, Leary claims that Defendant placed his hand down Leary's pants and masturbated Leary in the parking lot an ice rink in Wilmington. Leary alleges that the incidents of abuse occurred during 1990 and 1991.

During his interview with the investigators, Leary identified Bernard Hoy as another potential victim of Defendant. The investigators contacted Hoy, who claimed that Defendant did commit sexual abuse against Hot when he was a child. Like Leary, Hoy clams that the abuse began after he joined Defendant's hockey team when Hoy was about ten or eleven years old. Hoy claims that Defendant began buying Hoy things and driving him to and from hockey practice. Hoy claims that Defendant then began taking Hoy on trips across multiple states, during which Defendant would share a bed with Hoy. Hoy alleges that, during these trips, he would often wake up to Defendant thrusting against his side.

Hoy also claims that incidents of abuse occurred in Delaware. According to Hoy, Defendant lived with Hoy's mother for a period of time at her home in Delaware. Hoy alleges that Defendant engaged in similar abuse at Hoy's mother's home in Delaware. Hoy alleges that the abuse took place in or about 1990.

Defendant was indicted on June 26, 2017 on nine counts of Unlawful Sexual Contact Second Degree. Counts I through VII relate to Defendant's alleged sexual

contact with Bernard Hoy. Counts VIII and IX relate to Defendant's alleged sexual contact with Thomas Leary.

Defendant now seeks to sever the charges relating to Bernard Hoy from the charges relating to Thomas Leary on the grounds that substantial prejudice would result from continued joinder because the jury will cumulate the evidence and infer a general criminal disposition to find guilt. In addition, Defendant argues that, if there were separate trials, evidence of crimes perpetrated against one victim would be inadmissible in the trial involving the other victim. The State opposes Defendant's motion.

## LEGAL STANDARD

Under Superior Court Rule of Criminal Procedure 8, two or more offenses may be joined in the same indictment "if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."[1] The rule of joinder "is designed to promote judicial economy and efficiency, provided that the realization of those objectives is consistent with the rights of the accused."[2] To that end, Superior Court Rule of Criminal Procedure 14 provides that

---

[1] Super. Ct. Crim. R. 8(a).
[2] *Weist v. State*, 542 A.2d 1193, 1195 (Del. 1988) (quoting *Mayer v. State*, 320 A.2d 713, 717 (1974)).

3

the Court may order separate trials if it appears that a defendant is prejudiced by joinder of offenses in an indictment, even though the offenses were properly joined.[3]

A motion to sever is addressed to the sound discretion of the trial court.[4] The defendant bears the burden of demonstrating that prejudice will result from denial of a motion to sever.[5] Mere hypothetical prejudice is insufficient to meet the defendant's burden.[6] There are three types of prejudice a defendant may suffer from joinder of offenses:

> 1) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find; 2) the jury may use the evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find guilt of the other crime or crimes; and 3) the defendant may be subject to embarrassment or confusion in presenting different and separate defenses to different charges.[7]

An important factor to consider in ruling on a motion to sever is whether evidence of one crime would be admissible in trial of the other. If so, "there would be no unfair prejudice in having a joint trial."[8]

---

[3] Super Ct. Crim. R. 14; *see also Wiest*, 542 A.2d at 1195.
[4] *Wiest*, 542 A.2d at 1195; *State v. Goldsborough*, 2000 WL 706791, at *1 (Del. Super. Mar. 21, 2000); *State v. Boughner*, 1995 WL 1920095 (Del. Super. July 13, 1995).
[5] *Wiest*, 542 A.2d at 1195 (citing *Bates v. State*, 386 A.2d 1139, 1141 (Del. 1978).
[6] *Bates*, 386 A.2d at 1142.
[7] *Weist*, 542 A.2d at 1195.
[8] *Monroe v. State*, 28 A.3d 418, 426 (Del. 2011).

4

## DISCUSSION

Defendant argues that the continued joinder of the charges relating to two separate victims would cause substantial prejudice because the jury will cumulate the evidence and infer a general criminal disposition to find guilt. In making this argument, Defendant argues that the factual circumstances relating to the alleged abuse of each victim are not similar enough to warrant continued joinder. Defendant also argues that evidence of one crime would be inadmissible in trial of the other, such that continued joinder is inappropriate.

### A. The Similarity of the Offenses Supports Continued Joinder.

In *Younger v. State*, the Delaware Supreme Court upheld the trial court's decision to deny severance of two counts of Rape First Degree and one count of Attempted Rape.[9] The two rapes had occurred within nine days of each other in the same general area of Wilmington against two separate victims.[10] The attempted rape took place approximately two months later in the same general area.[11] As to the two rapes, the assailant approached each victim from behind, placed a hand over the victim's mouth, told the victim that he would not hurt her if she cooperated, and dragged the victim away from the street before committing the rape.[12] During the

---

[9] 496 A.2d 546, 549-50 (Del. 1985).
[10] *Id.* at 548.
[11] *Id.*
[12] *Id.*

attempted rape, the assailant similarly approached the victim from behind, placed a hand over her mouth, and attempted to pull her away from the street before the woman was able to break free.[13]

In upholding the trial court's denial of severance, the Delaware Supreme Court noted that the separate offenses occurred within a close time frame in the same general neighborhood.[14] The Delaware Supreme Court also emphasized that the method of attack was "virtually the same" in the two rapes, and was closely paralleled in the attempted rape until the victim was able to break free.[15] The Delaware Supreme Court held, "[W]here offenses are of the same general character, involve a similar course of conduct and are alleged to have occurred within a relatively brief span of time, it is proper to try the offenses together."[16] In addition, the Delaware Supreme Court stated, "The mere fact that the crimes were 'separate,' committed against different individuals with a lapse of time in between them, does not require severance."[17]

In the case before the Court, the multiple offenses allege similar sexual acts committed by Defendant against minors and, therefore, are of the same general

---

[13] *Id.*
[14] *Id.* at 550.
[15] *Id.*
[16] *Id.*
[17] *Id.* (quoting *McDonald v. State*, 307 A.2d 796, 798 (1973)).

character.[18]  In addition, Leary and Hoy allege that Defendant engaged in a similar course of conduct.  Both Leary and Hoy allege that the abuse began after joining Defendant's hockey team, that Defendant initially bought them gifts and drove them to hockey practice, and that Defendant took them on trips across multiple states.  In addition, both Leary and Hoy allege that, during those trips, they would wake up to Defendant thrusting against their sides.  Leary and Hoy were of similar ages when the alleged abuse began, thirteen and ten or eleven respectively.  In addition, both Leary and Hoy allege that the abuse took place in approximately 1990 and 1991.  Therefore, as in *Younger*, the multiple offenses charged in this indictment "are of the same general character, involve a similar course of conduct, and are alleged to have occurred within a relatively brief span of time," such that it is proper to try them together.[19]

This conclusion is further supported by the allegations of late reported child sexual abuse present in this case.  In *Boughner*, the defendant was charged with committing various sexual acts against four minors.[20]  During the investigation, one of the victims identified another potential victim.[21]  The defendant moved to sever,

---

[18] *Boughner*, 1995 WL 1920095 at *2 ("The offenses charged in Counts I through XVII … each allege a sexual act committed by the defendant against a minor.  The offenses are therefore of the same or similar character.").
[19] *Id.*
[20] *Id.* at *1.
[21] *Id.*

7

arguing that the jury would cumulate the evidence and infer a general criminal disposition to find guilt. The Superior Court denied severance, finding that "the charges, while involving four different boys, are connected by time, place, and similarity of conduct."[22] In addition, the Superior Court considered the realities of late reported child sex abuse cases, in which the State does not typically have any physical evidence to corroborate a victim's statements.[23] In such cases, the Superior Court recognized that the credibility of the witnesses becomes paramount, elevating the State's need to present evidence on the way the investigation began and the way each subsequent victim was identified.[24] As a result, the Superior Court denied severance.

The present case raises the same issues as *Boughner*. As discussed above, the charges involving Leary and Hoy are connected by "time, place, and similarity of conduct."[25] In addition, as in *Boughner*, this is a late reported child sex abuse case in which the State represents it has no physical evidence. As a result, the credibility

---

[22] *Id.* at *4. Notably, the Court did grant severance as to one count of the indictment, which alleged that the defendant engaged in unlawful sexual intercourse with one of the victims without the victim's consent. The Court noted that consent was not an issue in any of the other allegations, meaning that defendant could be put in the position of putting on a separate defense for that particular charge. However, this issue is not present in this case, where the charges against Defendant would not require Defendant to present separate defenses.

[23] *Id.* at *5.

[24] *Id.*

[25] *Id.* at *4.

of Leary and Hoy is paramount to the State's case, such that it is important for the State to be able to present evidence on the way the investigation began and the fact that Leary identified Hoy as another potential victim. Therefore, the factual similarities of the multiple offenses and the evidentiary limitations of the late reported child sexual abuse support denying severance.[26]

## B. Evidence of One Offense Would Be Admissible in Trial of the Other.

Defendant also argues that severance should be granted because evidence of one offense would be inadmissible in trial of the other. Generally, evidence of other crimes is inadmissible to prove commission of the offense charged.[27] The underlying purpose of this rule is "to prevent the State from proving the charged offense by evidence of other crimes on the theory that the defendant acted in conformity with those other bad acts in committing the charged offense."[28] However, under Delaware Rule of Evidence 404 ("Rule 404"), evidence of other crimes or bad acts "may be admissible for another purpose, such as proving motive,

---

[26] On June 4, 2018, the Court received a letter from Defendant's counsel enclosing a recent decision that Defendant argues has pertinence to this matter. *See State v. Thomas*, 2018 WL 2357634 (Del. Super. May 21, 2018). In *Thomas*, the Court severed charges relating to possession of child pornography from charges relating to unlawful sexual contact with a child on the grounds that there was no connection between the different charges and that defendant would suffer unfair prejudice by their continued joinder. However, unlike in *Thomas*, Defendant here is only facing charges relating to unlawful sexual contact. Therefore, *Thomas* does not control the outcome here.

[27] *Getz v. State*, 538 A.2d 726, 730 (Del. 1988).

[28] *Deshields v. State*, 706 A.2d 502, 506 (Del. 1998).

9

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[29] In other words, "evidence of prior misconduct is admissible when it has 'independent logical relevance' and when its probative value is not substantially outweighed by the danger of unfair prejudice."[30]

In *Getz*, the Delaware Supreme Court set forth a six-part analysis governing the admissibility of other crime evidence.[31] First, the evidence must be material to an issue or ultimate fact in dispute in the case.[32] Second, the evidence must be introduced for a purpose sanctioned by Rule 404(b) "or any other purpose not inconsistent with the basic prohibition against evidence of bad character or criminal disposition."[33] Third, the other crimes must be proved by evidence that is "plain, clear, and conclusive."[34] Fourth, the other crimes must not be too remote in time from the charged offense.[35] Fifth, the Court must "balance the probative value of the evidence against its unfairly prejudicial effect" per Delaware Rule of Evidence

---

[29] D.R.E. 404(b).
[30] *Getz*, 538 A.2d at 730 (quoting D.R.E. 403 and *Diaz v. State*, 508 A.2d 861, 865 (Del. 1986)).
[31] *Id.* at 734.
[32] *Id.*
[33] *Id.*
[34] *Id.* (quoting *Renzi v. State*, 320 A.2d 711, 712 (Del. 1974)).
[35] *Id.*

10

403 ("Rule 403").[36] Lastly, if admitted, the Court should instruct the jury that the evidence of other crimes is only being admitted for a limited purpose.[37]

Here, the Court finds that the six-part test governing the admissibility of other crime evidence is satisfied. First, the evidence is material to the ultimate issue of the case, whether Defendant has unlawful sexual contact with Leary and Hoy. Second, the evidence would be material in showing Defendant's intent and *modus operandi*, which are sanctioned purposes under Rule 404. Third, the evidence of other crimes is testimonial and, therefore, is "plain, clear, and conclusive."[38] Fourth, the offenses allegedly occurred in approximately 1990 and 1991, and are therefore not too remote in time. Fifth, per Rule 403, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Lastly, the Court will instruct the jury on the limited purpose of the evidence, thereby fulfilling the sixth requirement. Therefore, the Court concludes that evidence of one offense would be admissible in trial of the other, such that there is no unfair prejudice in having a joint trial.

## CONCLUSION

Severance is not necessary. Although the offenses involve multiple victims, they are of the same general character, involve a similar course of conduct, and took

---

[36] *Id.* (referring to D.R.E. 403).
[37] *Id.*
[38] *Id.* (quoting *Renzi*, 320 A.2d at 712).

11

place within a relatively brief span of time, such that it is proper to try them together. In addition, the Court finds that evidence of one offense would be admissible in trial of the other, such that Defendant will not suffer unfair prejudice in a joint trial. Accordingly, it would be inconsistent with judicial economy and efficiency to have two trials. Therefore, Defendant's Motion for Relief from Prejudicial Joinder shall be denied.

**NOW, THEREFORE, this 4th day of June, 2018, Defendant's Motion for Relief from Prejudicial Joinder is hereby DENIED. A single trial on the entire indictment will begin on July 24, 2018 at 9:30 a.m.**

**IT IS SO ORDERED.**

_____
**The Honorable Andrea L. Rocanelli**

12