# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      :

     :     I.D. No. 1810009281

v.      :     Kent County

     :

RICKY D. HARDY,      :

     :

      Defendant.      :


Submitted: July 10, 2019
Decided: July 10, 2019
Written Decision: July 12, 2019


## ORDER

Defendant's Motion for Relief from Prejudicial Joinder.
*Denied.*


Cari A. Chapman, Esquire and Lynn A. Kelly, Esquire, Department of Justice, Wilmington, Delaware; attorneys for the State.

Joseph A. Hurley, Esquire, Wilmington, Delaware; attorney for the Defendant.


WITHAM, R.J.

*State v. Ricky D. Hardy*
I.D. No. 1810009281
July 12, 2019

Upon the consideration of the Defendant Ricky Hardy's (hereinafter "Defendant"), Motion for Relief from Prejudicial Joinder pursuant to Superior Court Rule of Criminal Procedure Rule 14 (hereinafter "Rule 14")[1] the Court issued its decision from the bench and **DENIED** Defendant's motion.

This is the Court's written order to supplement its bench decision. After considering the parties' written and oral arguments, and the record in its entirety, it appears to the Court that:

1. On October 12, 2018, Defendant was attending a football game at Caesar Rodney High School located in Camden, Delaware.

2. During the game, a sixteen-year-old female, identified as M.C., and her mother notified a law enforcement officer that M.C. had been inappropriately touched on her buttocks in the concession line by a black male wearing a white hat, despite M.C.'s repeated commands to the individual to stop. M.C. also reported that she observed the black male take his hands out of his pockets and touch other girls standing in the concession line, after he had moved away from her position in line.

3. Based on her interaction with the individual and her observations, M.C. concluded that the inappropriate contact could not be accidental and decided to take a picture of the individual with her cellular telephone. Utilizing that photograph, law enforcement was able to locate Defendant, an African-American male, on the school

---

[1] Prior to the oral argument, the Court also had before it a Motion in Limine filed by the State on June 26, 2019. At the oral argument, however, the State withdraw that motion from the Court's consideration.

grounds and confirm that he matched the individual in the photograph. Defendant was subsequently escorted off school property and barred from returning to the school.

4. After Defendant had departed, law enforcement received another report that a fourteen-year-old female, identified as S.V., was also touched inappropriately by a black male wearing a white hat. S.V. had also taken a picture of the individual that turned out to match Defendant's description.

5. As a result of M.C. and S.V.'s allegations, Defendant was charged with four counts of Unlawful Sexual Contact in the Second Degree, a felony, in violation of 11 *Del. C. § 768.*

6. Defendant filed his Motion to Sever the four counts on April 1, 2019. The State's response, in opposition, was filed on June 26, 2019. Oral arguments were held on July 10, 2019 and the Court issued its decision from the bench, denying Defendant's motion. Defendant's trial is presently scheduled for July 15, 2019.

7. After the State filed its response, Defendant filed an "Opening Brief in Support of His Motion to Sever Charges" on July 1, 2019.[2]

8. Then again, on July 10, 2019, Defendant filed an additional *three* filings.[3] First, Defendant filed a "Defendant's Memorandum of Law in Opposition of

---

[2] *See* D. Brief, July 1, 2019.

[3] The three filings submitted to the Court on July 10, 2019 were submitted by defense counsel to the Court on July 8, 2019. However, and curiously, defense counsel chose to file the submissions with the Prothonotary after the oral argument, and not before as is customary.

Introduction of 404 Material"[4] Second, Defendant filed a "[ ] Reply to State's Response Regarding the Issuance of Severance of Counts of the Indictment."[5] And finally, Defendant filed a "Motion to Strike Prejudicial Material."[6]

9. Defendant's Motion to Sever seeks to sever Counts 1 and 2 of the indictment related to the alleged incident involving M.C. from Counts 3 and 4 of the indictment related to the alleged incident involving S.V.[7] Defendant's sole contention as outlined in his pleading is as follows:

[t]he presentation of these independent alleged acts, particularly involving sexual impropriety, is so unfairly prejudicial that a curative instruction telling the jury essentially, 'You should not consider the [D]efendant to be some type of pervert that takes advantage of teenage girls by grabbing their buttock.' and expect the jury, consisting of normal human beings, to put completely out of their minds the first incident when considering the second incident and vice versa notwithstanding any instruction that could be crafted mandating that they do so. (sic)[8]

10. The State, in opposition, asserts that the circumstances surrounding the

---

[4] *See* D. Memo, July 10, 2019.

[5] *See* D. Reply, July 10, 2019.

[6] *See* D. Mot. to Strike, July 10, 2019.

[7] D. Mot. for Relief from Prejudicial Joinder (hereinafter "D. Mot.") at 2.

[8] D. Mot. at ¶ 3.

incident warrant the multiple charges being tried together and that Defendant's claim of prejudice, namely, that the jury will not be able to resist the cumulative nature of the two incidents, is baseless.[9]

11. Pursuant to Rule 14, the Court may grant severance if a defendant is prejudiced by the joinder.[10] However, Superior Court Rule of Criminal Procedure Rule 8(a) (hereinafter "Rule 8(a)"), permits joinder of two or more offenses in the same indictment if the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."[11]

12. As a preliminary matter, the Court first notes that Defendant, through defense counsel, appropriately filed his Rule 14 motion pursuant to Superior Court

---

[9] St. Reply at ¶¶ 10-11.

[10] *See* Super. Ct. Crim. R. 14 ( "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney general to deliver to the court for inspection in camera any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial.").

[11] *See* Super. Ct. Crim. R. 8(a); *see also State v. Caulk*, 2006 WL 2194656, at *4 (Del. Super. July 28, 2006) (holding that it was proper to deny defendant's motion to sever offenses involving one victim from offenses involving another victim where the charges were of the same general character because each involved an assault with a dangerous instrument and took place within approximately fifteen (15) minutes and within a few blocks from each other); *State v. Strickland*, 2007 WL 949481, at *4 (Del. Super. Mar. 23, 2007) (denying motion to sever charges because the similarities between the six (6) incidents were sufficient evidence under D.R.E. 404(b) to demonstrate common scheme or plan).

Rules of Criminal Procedure Rule 12(b)(5).[12] The Court further notes that defense counsel failed to seek leave from the Court to file any of the additional submissions.[13] As a result, the Court did not consider those filings in its consideration of Defendant's Motion to Sever.[14]

13. Returning to Defendant's Motion to Sever, Delaware law recognizes three situations in which prejudice from joinder arises:

(1) when the jury may cumulate evidence of the various crimes charged and find guilt when, if considered separately, it would not;

(2) when the jury may use evidence of one crime to infer a defendant's general criminal disposition in order to determine guilt of another crime/crimes; and

(3) when a defendant may be subject to embarrassment or confusion in presenting different and separate defenses to different charges.[15]

---

[12] *See* Super. Ct. Crim. R. 12(b)(5) (Motions for severance of charges or defendants under Rule 14 must be raised prior to trial.).

[13] It appears that defense counsel has treaded these waters before, and not so long ago, where he was sanctioned by this Court for conduct under similar, but not precise, circumstances. *See* Order, *State v. Rodney West*, No. 1808020395, (Del. Super. July 3, 2019). And despite the fact that the Court does not find defense counsel has "willful[ly] disregard[ed]" a directive of this Court, the Court would be remiss if it did not take this opportunity to warn defense counsel that these actions may result in the Court filing sanctions if he persists in this course of action in the future.

[14] With respect specifically to Defendant's Motion to Strike Prejudicial Material, assuming arguendo the Court had considered the motion, the motion appears now to be moot as a result of the State withdrawing it's Motion in Limine where it asked the Court to consider Defendant's prior bad act from 2017.

[15] *Ashley v. State*, 85 A.3d 81, 84-85 (Del. 2014) (citing *Wiest v. State*, 542 A.2d 1193, 1195 (Del.1988)).

6

It is Defendant's burden to demonstrate that prejudice has occurred as a result of the joinder. Hypothetical suggestions of prejudice resulting from joinder will not suffice.[16]

14. The mere fact that crimes for which Defendant was charged were separate in nature and committed against different individuals over a period of time does not necessarily require severance.[17] Indeed, severance has been denied in cases where the offenses charged are of the same general nature and demonstrate evidence of a similar modus operandi, even though obvious prejudice to the defendant was present.[18] On the other hand, severance should be granted if and when the sheer mass of charges renders it extremely unlikely that a jury will be able to resist the cumulative effect of evidence linking a defendant to separate charges.[19] This is a delicate balance that the Court must maintain.[20]

15. In this case, the Court finds Defendant's alleged acts are based on the same act or transaction. This is demonstrated by the proximity of the alleged contact coupled with the small lapse of time between the alleged acts upon M.C. and S.V. As

---

[16] *Ashley*, 85 A.3d at 84-85 (citing *Skinner v. State*, 575 A.2d 1108, 1118 (Del.1990)).

[17] *Id.*

[18] *State v. Waters*, 2011 WL 5330650, at *1 (Del. Super. Oct. 4, 2011) (citing *State v. McKay*, 382 A.2d 260, 262 (Del. 1969)).

[19] *Id.*

[20] *Ashley*, 85 A.3d at 85 (citing *Mayer v. State*, 320 A.2d 713, 717 (Del.1974) (Court must balance a defendant's rights against that of judicial economy)).

the record reflects, all charged acts allegedly occurred while the victims were standing in the same concession stand line during the football game.[21] Furthermore, the time that elapsed between Defendant's contact with M.C. and S.V. was 30 minutes or less. Additionally, the Court finds the nature of Defendant's alleged inappropriate behavior, i.e., Defendant touching M.C. and S.V.'s buttocks while standing in a crowded queue, demonstrates a similar modus operandi in order to avoid detection or have plausible excuse. Accordingly, it can not be said that these charges were not "based on the same act or transaction" due to the type and time in which the alleged acts occurred.[22]

16. Furthermore, Defendant provides the Court only with an unsupported hypothetical that it would be impossible for a jury, consisting of "normal human beings," to separate the incidents involving M.C. and S.V. and not consider them together. Delaware case law teaches us that juries of "normal human beings" are more than capable of such a feat. For example, in *Ashley v. State*, the Court gave a limiting instruction to the jury that instructed it not to accumulate evidence presented regarding three separate charges that the defendant faced.[23] The *Ashley* jury actually acquitted the defendant of several charges. The jury's actions were further noted by the Delaware Supreme Court as clear evidence that a jury was capable of, and actually

---

[21] *See* TR Preliminary Hearing at 14:18-19; 21, *State v. Hardy*, ID 1810009281 (Del. Com. Pl. Nov. 9, 2018).

[22] *See* Super. Ct. Crim. R. 8(a).

[23] *Ashley*, 85 A.3d at 85.

followed, the Court's limiting instruction.[24]

17.    Here, Defendant supplies the Court absolutely no law, case law or otherwise to support its assertion that a Delaware jury made up of "normal human beings" is incapable of following the Court's charge. As a result, Defendant has not overcome his burden to demonstrate that prejudice actually would be present, or assuming arguendo prejudice was established, that a limiting instruction would not mitigate any such prejudice.

18.    Therefore, for the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Sever the charges of his indictment. The matter is still set for trial as scheduled.

**IT IS SO ORDERED.**

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:    Prothonotary
cc:    Cari A. Chapman, Esquire
        Lynn A. Kelly, Esquire
        Joseph A. Hurley, Esquire

---

[24] *Id.*

9