IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,  :
                    :  I.D. No. 1906013738
    v.              :  Kent County
                    :
TIMOTHY K. McCRARY, :
                    :
    Defendant.      :

Submitted: January 17, 2020
Decided: January 28, 2020

## ORDER

Upon Defendant's Motion to Sever Charges.
*Denied.*

Kathleen Dickerson, Esquire of the Department of Justice, Dover, Delaware; attorney for the State.

John A. Barber, Esquire of Law Office of John A. Barber, Wilmington, Delaware; attorney for Defendant.

WITHAM, R.J.

## INTRODUCTION

Before the Court are Defendant, Timothy McCrary's, Motion to Sever Charges (hereinafter "D's Mot") and the State's Response in Opposition of Severance (hereinafter "St's Response"). As the facts stand presently, it appears to the Court that:

## FACTUAL AND PROCEDURAL HISTORY

1. On May 16, 2019, Corporal Reed (hereinafter "Cpl. Reed") of the Harrington Police Department contacted the mother of one of the alleged victims in this case, J.Y., in reference to a disclosure by the minor that Defendant touched her inappropriately while she was at the Head Start School.[1] Mr. McCrary, Defendant in this case, worked as a certified aide and supervised the children at the Head Start School.[2] J.Y. was also interviewed at the Children's Advocacy Center of Delaware (hereinafter "the CAC") and said that Defendant touched her vagina during naptime on several occasions.[3] In June of 2019, Major Shyers (hereinafter "Maj. Shyers") also reviewed the video surveillance footage from the Head Start School, which showed Defendant putting his hands under the blanket of another minor, A.L.[4] A.L. did not

---

[1] D's Mot. 2.

[2] *Id.*

[3] *Id.*

[4] *Id.*

2

say at the CAC that Defendant touched her inappropriately.[5]

2. On June 24, 2019, a press release was issued asking parents to contact Harrington Police if they suspected their children were victims in this case.[6] After the press release, Harrington Police received several calls regarding this investigation.[7] On July 10, 2019, an interview of L.F., another alleged victim who attended the same school, was conducted at the CAC.[8] L.F. stated that a "boy-teacher" touched her inappropriately while she was at school and on the bus.[9] She also described the teacher, and the description fit Defendant.[10] Another minor, M.G., was also interviewed at the CAC, and she stated that Defendant touched her inappropriately as well, which happened on the school bus.[11]

3. On October 7, 2019, Defendant was indicted by a Kent County Grand Jury of eight counts: two counts of Sexual Abuse of a Child by a Person of Trust in the

---

[5] *Id.* at 2-3. A.L. stated that Defendant touched minors' backs during nap time, and that was "okay."

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *See Id.*

[11] *Id.* At the hearing, the parties indicated that the alleged misconduct involving two of the four victims happened at school during nap time, and the alleged misconduct involving the other two victims happened on the bus.

First Degree for one alleged victim and two counts of Unlawful Sexual Contact in the First Degree for each of the 3 other alleged victims.[12]

## PARTIES' CONTENTIONS

4. Defendant argues that the charges for each criminal conduct (i.e. each victim) should be severed because the joinder of the charges prejudices Defendant.[13] Defendant points out that different witnesses are involved in each specified criminal conduct, and each conduct relates to a different set of circumstances.[14] Defendant further states that the jury is likely to cumulate the statements of the alleged victims.[15] Defendant also argues that if the charges are not severed, the use of the surveillance videotape, which relates to only one of the alleged victims, will be especially prejudicial to him.[16] Defendant states that the jury can infer his general criminal disposition if the charges are not severed, and he may be subjected to embarrassment if the tape is introduced in the case involving other victims not captured on it.

5. The State argues that Defendant is not prejudiced by the joinder because the offenses are of the same general character, and they occurred relatively close in

---

[12] *Id.*

[13] *Id.* at 5-6.

[14] *Id.* at 6.

[15] *Id.*

[16] *Id.* at 7.

4

time.[17] The State also notes that judicial economy could be negatively affected by the severance.[18] The State further argues that the evidence of one offense would be admissible at the trial of the other, which is a major factor when deciding whether the charges should be severed.[19]

## STANDARD OF REVIEW

6. Superior Court Rule 8(a) of Criminal Procedure (hereinafter "Rule 8(a)"), permits joinder of two or more offenses in the same indictment if the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."[20] Pursuant to Superior Court Rule 14 of Criminal Procedure (hereinafter "Rule 14"), the Court may grant severance if a defendant is prejudiced by the joinder.[21] It is Defendant's burden to demonstrate that prejudice has occurred

---

[17] St's Reply 4-5.

[18] *Id.* at 6.

[19] *Id.* at 8.

[20] *See* Super. Ct. Crim. R. 8(a); *see also State v. Caulk*, No. 0001012941, 2006 WL 2194656, at *4 (Del. Super. July 28, 2006) (holding that it was proper to deny defendant's motion to sever offenses involving one victim from offenses involving another victim when the charges were of the same general character because each involved an assault with a dangerous instrument and took place within approximately fifteen (15) minutes and within a few blocks from each other); *State v. Strickland*, 2007 WL 949481, at *4 (Del. Super. Mar. 23, 2007) (denying motion to sever charges because the similarities between the six (6) incidents were sufficient evidence under D.R.E. 404(b) to demonstrate common scheme or plan).

[21] *See* Super. Ct. Crim. R. 14 ( "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial

as a result of the joinder, and hypothetical suggestions of prejudice resulting from joinder will not suffice.[22]

## DISCUSSION

### A. Prejudice

7. Delaware recognizes three situations where prejudice from joinder arises: "(1) when the jury may cumulate evidence of the various crimes charged and find guilt when, if considered separately, it would not;

(2) when the jury may use evidence of one crime to infer a defendant's general criminal disposition in order to determine guilt of another crime/crimes;

(3) when a defendant may be subject to embarrassment or confusion in presenting different and separate defenses to different charges."[23]

Furthermore, "a crucial factor to be considered in making a final determination on the motion should be whether the evidence of one crime would be admissible in the trial of other crimes."[24]

---

together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney general to deliver to the court for inspection in camera any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial.").

[22] *Ashley v. State*, 85 A.3d 81, 84-85 (Del. 2014) (citing *Skinner v. State*, 575 A.2d 1108, 1118 (Del.1990)).

[23] *Id.* (citing *Wiest v. State*, 542 A.2d 1193, 1195 (Del.1988)).

[24] *West*, 542 A.2d at 1196 n. 3.

8. The mere fact that crimes for which Defendant was charged were separate and committed against different individuals over a period of time does not necessarily require severance.[25] Indeed, severance has been denied in cases where the offenses charged were of the same general nature and demonstrated similar *modus operandi*, even though obvious prejudice to the defendant was present.[26] On the other hand, severance should be granted if and when the sheer mass of charges renders it extremely unlikely that a jury will be able to resist the cumulative effect of evidence linking a defendant to separate charges.[27] This is a delicate balance that the Court must maintain.[28]

9. When the evidence of other offenses is isolated and removed in time from the offense Defendant is charged with, such prior offenses will not be considered a part of a common scheme.[29] In this case, however, the offenses seem very similar in nature. The fact that offenses involve allegations of sexual misconduct does not

---

[25] *Skinner v. State*, 575 A.2d 1108, 1118 (Del. 1990) (citing *McDonald v. State*, 307 A.2d 796, 798 (Del. 1973)).

[26] *State v. Waters*, Nos. 1101006766, 1105019914, 2011 WL 5330650, at *1 (Del. Super. Oct. 4, 2011) (citing *State v. McKay*, 382 A.2d 260, 262 (Del. 1969)).

[27] *Id.*

[28] *Ashley*, 85 A.3d at 85 (citing *Mayer v. State*, 320 A.2d 713, 717 (Del.1974) (Court must balance a defendant's rights against that of judicial economy)).

[29] *State v. Getz*, 538 A.2d 726 (Del. 1988) (evidence of prior sexual contact, which involved two isolated events within the previous two years, depicted no common plan other than multiple instances of sexual gratification, which, despite repetition, is not, in itself, evidence of a common scheme).

necessarily result in prejudice that requires severance.[30] Some differences do exist in this case when it comes to the way the alleged victims reported the crimes and answered the investigators' questions. However, enough similarities exist to reasonably conclude that the alleged conduct was a part of a common plan. All the alleged offenses occurred either at school or on the school bus. All the alleged offenses also occurred during the same time period of the 2018-2019 school year. All the alleged offenses also took place while Defendant was carrying out his employment at the school. Defendant also allegedly targeted the same group of children. These similarities outweigh the differences in the alleged victims' conduct.

10. Furthermore, Delaware law recognizes that judicial economy should be considered when deciding whether severance is proper.[31] This case involves several witnesses that would have to testify at different trials if the charges were severed, assuming the evidence of prior crimes would be admissible under D.R.E. 404(b).

### B. Rule 404

11. Under Delaware Rule of Evidence 404(b) character evidence, including the evidence of prior crimes, is inadmissible to prove propensity but is admissible for other reasons, including "proof of motive, opportunity, intent, preparation, plan,

---

[30] *See State v. Goldstein*, No. 990423159, 2000 WL 33113953 (Del. Super. Dec. 21, 2000) (court denied severance when several acts of sexual misconduct were involved, the acts occurred within weeks of each other, and the acts were determined to be a part of a common plan).

[31] *See State v. Siple*, 1996 WL 528396 at *2-3 (Del. Super. July 19, 1996).

knowledge, identity, or absence of mistake or accident."[32] The factors to consider when deciding whether the evidence is admissible under D.R.E. 404(b) are:

(1) whether the evidence is material to an issue or ultimate fact in dispute;

(2) whether it is introduced for the purpose sanctioned by Rule 404 or another purpose not inconsistent with general prohibition of evidence of bad character or criminal disposition;

(3) whether the other crimes can be proven by clear, plain, and conclusive evidence;

(4) whether the other crimes are too remote in time from the charged offense;

(5) whether the evidence's probative value is substantially outweighed by its prejudicial effect.[33]

12. In this case, the evidence of other alleged crimes can be used to show opportunity, intent, absence of mistake, and, finally, a common scheme or plan. Defendant committed all the alleged offenses while supervising the same group of children during the same year and at the same time on different days. Defendant used the same techniques to commit the alleged crimes. Therefore, if the testimony is offered to prove the common scheme, it is offered for a proper purpose. To balance the probative value of the evidence against its prejudice, the Court must consider several factors:

---

[32] D.R.E. 404(b).

[33] *Getz*, 538 A.2d at 734.

9

"(1) the extent to which the point to be proven is disputed;

(2) the adequacy of proof of the prior conduct;

(3) the probative force of the evidence;

(4) the proponent's need for the evidence;

(5) the availability of less prejudicial proof;

(6) the inflammatory effect of the evidence;

(7) the similarity of the prior wrong to the charged offense;

(8) the effectiveness of limiting instructions;

(9) the extent to which prior acts evidence would prolong the proceedings."[34]

13. In this case, Defendant disputes all of the allegations in their entirety. In this case, the charges as to each minor are also independently adequate. The evidence also has high probative value of proving the common scheme, which cannot be established otherwise. It is true that sexual contact with minors is in itself highly prejudicial. However, the introduction of the additional evidence doesn't change the inherent nature of such prejudice. The Court would also be able to limit the effect of any unfair prejudice to Defendant that may result from the introduction of the video by providing adequate limiting instructions. For example, in *Ashley v. State*, the Court gave a limiting instruction not to accumulate evidence presented regarding three separate charges that the defendant faced.[35] The *Ashley* jury actually acquitted the

---

[34] *Deshields v. State*, 706 A.2d 502, 506-07 (Del. 1998).

[35] *Ashley*, 85 A.3d at 85.

defendant of several charges. The jury's actions were further noted by the Delaware Supreme Court as clear evidence that a jury was capable of following, and actually followed, the Court's limiting instruction.[36] Furthermore, the introduction of this evidence would not prolong the proceedings significantly.

## CONCLUSION

Therefore, for the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Sever the Charges of his indictment. The matter is still set for trial as scheduled.

**IT IS SO ORDERED**.

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:   Prothonotary
cc:   Kathleen Dickerson, Esquire
        John A. Barber, Esquire

---

[36] *Id.*