# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ID No. 1811005093** |
| | ) | |
| **JUAN RODRIGUEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Decided: February 4, 2021

## <u>ORDER</u>

*Upon Defendant Juan Rodriguez's Motion for Relief from Prejudicial Joinder*
**DENIED**.

Renee L. Hrivnak, Esquire, Department of Justice, Wilmington, Delaware, Attorney for the State.

Monika G. Germono, Esquire, Tristan J. Karsnitz, Esquire, and Tiffany A. Anders, Esquire, Office of the Public Defender, Wilmington, Delaware, Attorneys for Defendant Juan Rodriguez.

**SCOTT, J.**

Before this Court is Defendant Juan Rodriguez's ("Mr. Rodriguez") Motion for Relief from Prejudicial Joinder. For the following reasons, Mr. Rodriguez's Motion is **DENIED**.

## Factual Background

On November 9, 2018, Mr. Rodriguez is alleged to have engaged in unlawful conduct involving his friend, Kelvin Burgos ("Mr. Burgos"), and his ex-girlfriend, Jessica Blevins ("Ms. Blevins"). Allegedly, Mr. Rodriguez slashed Ms. Blevins' car tires, unlawfully entered Mr. Burgos' home, and used a cutting instrument to cause serious physical injury to Mr. Burgos.

On November 30, 2018, Mr. Rodriguez was arrested and incarcerated in default of bail. At this point in time, Mr. Rodriguez was charged with (1) Assault First Degree, (2) Possession of a Deadly Weapon During the Commission of a Felony, (3) Harassment, (4) Criminal Mischief, (5) Criminal Trespass Second Degree, and (6) Possession of a Deadly Weapon by a Person Prohibited ("First Set of Charges"). Mr. Rodriguez was ordered to have no contact with Mr. Burgos or Ms. Blevins (the "No Contact Order").

However, while incarcerated, Mr. Rodriguez is alleged to have violated the No Contact Order by calling Ms. Blevins numerous times from prison and having at least one in-person visit at the prison with Ms. Blevins. In these phone calls,

1

transcribed within prison phone call transcripts, Mr. Rodriguez allegedly attempted to convince Ms. Blevins to coordinate with Mr. Burgos in an effort to impede the State's prosecution of the First Set of Charges against him. After allegedly violating the No Contact Order, Mr. Rodriguez was charged with (7) Act of Intimidation, (8) Bribing a Witness, seventeen counts (9-25) of Breach of Conditions of Bond During Commitment, and eighteen counts (26-43) of Attempted Breach of Conditions of Bond During Commitment (the "Second Set of Charges").

## Parties' Assertions

Mr. Rodriguez moves this Court for relief from the joinder of these offenses at trial.[1] Mr. Rodriguez, using *Wiest v. State*,[2] claims he is prejudiced because evidence of his prior criminal conviction, a necessary element of (4) Possession of a Deadly Weapon by a Person Prohibited, may cause an inference of a general criminal disposition and lead the jury to find him guilty of the remaining counts of the Indictment. As a result of this alleged prejudice, Mr. Rodriguez seeks to sever (7) Act of Intimidation, (8) Bribing a Witness, and all (9-25) Breach and (26-43) Attempted Breach of Conditions of Bond During Commitment charges from the remaining charges.[3]

---

[1] Def.'s Mot. for Relief from Prejudicial Joinder (hereinafter "Def.'s Mot.") at p. 1.
[2] *Wiest v. State*, 542 A.2d 1193, 1195 (Del. 1988) ("the jury may use the evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find guilt of the other crime or crimes").
[3] Def.'s Mot. at ¶ 4.

2

The State is opposed to severing the (7) Act of Intimidation, (8) Bribing a Witness,[4] and (9-25) Breach and (26-43) Attempted Breach of Conditions of Bond During Commitment from the remaining charges.[5]

## Standard of Review

Under Superior Court Criminal Rule 8(a), joinder of offenses is permissible "if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."[6]

Under Superior Court Criminal Rule 14, if it appears that a defendant or the State is prejudiced by joinder of offenses or of defendants in an indictment, the Court may order separate trials of counts or provide whatever other relief justice requires.[7]

The defendant bears the burden of establishing prejudice.[8] Mere hypothetical prejudice is not sufficient.[9] The defendant meets his burden of showing prejudice, and is thus entitled to severance, when it is shown that joinder is so prejudicial that it outweighs the dominant concern of judicial economy and compels the Court's

---

[4] State's Resp. to Def.'s Mot. for Relief from Prejudicial Joinder (hereinafter "State's Resp.") at ¶ 18.
[5] *Id.* at ¶ 27.
[6] Super. Ct. Crim. R. 8(a).
[7] Super. Ct. Crim. R. 14.
[8] *Ashley v. State*, 85 A.3d 81, 85 (Del. 2014).
[9] *Id.*

3

discretion to sever.[10] Severance should not be denied where it becomes extremely unlikely that a jury will be able to resist the cumulative effect of evidence linking the defendant to separate charges.[11]

## Discussion

### A. Joinder is Permissible

The allegations underlying the (7) Act of Intimidation, (8) Bribing a Witness, and all (9-25) Attempted Breach and (26-43) Breach of Conditions of Bond During Commitment charges all involve Mr. Rodriguez allegedly violating his No Contact Order to communicate with and persuade Mr. Burgos and Ms. Blevins to assist him in this case. These charges arose allegedly from Mr. Rodriguez's attempt to coach Ms. Blevins and stop Mr. Burgos from testifying regarding the November 9, 2018 incident that led to his incarceration in the first place. The Second Set of Charges are "based on the same act or transaction."[12]

### B. Application

The second *Wiest* factor in weighing potential prejudicial joinder is that "the jury may use the evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find guilt of the other crime or crimes..."[13] As evidence

---

[10] *State v. Allen*, 2003 WL 23274795, at *2 (Del. Super. 2003).
[11] *State v. McKay*, 382 A.2d 260, 262 (Del. Super. Ct. 1978).
[12] *Ashley v. State*, 85 A.3d 81, 85 (Del. 2014) (citing to Super. Ct. Crim. R. 8(a)).
[13] *Wiest* at 1195.

4

of one crime is not admissible to prove disposition to commit another crime, courts will generally presume prejudice and exclude such evidence unless such evidence is admissible for some substantial, legitimate purpose.[14]

The primary concern is that evidence of these offenses, if not severed, could be used to show a general criminal disposition. The State must prove the defendant's guilt beyond a reasonable doubt as to each charge. But where the evidence to prove beyond a reasonable doubt the defendant's guilt as to each charge is inextricably intertwined, the Court must balance the concern for judicial economy against any prejudice a defendant may incur in having a joint trial.[15]

A crucial factor to be considered in ruling on a motion to sever is whether the evidence of one crime would be admissible in the trial of the other crime.[16] If evidence of one crime is admissible at the trial of the other crime, there would be no unfair prejudice in having a joint trial.[17]

The First Set of Charges involve Mr. Rodriguez's conduct on November 9, 2018 towards Mr. Burgos and Ms. Blevins. Regarding (1) Assault First Degree, (2) Possession of a Deadly Weapon by a Person Prohibited, and (5) Criminal Trespass Second Degree: these charges involve Mr. Rodriguez's conduct towards Mr. Burgos

---

[14] State v. Cooke, 909 A.2d 596, 607 (Del. Super. 2006).
[15] *Mayer v. State*, 320 A.2d 713, 717 (Del. 1974).
[16] *Monroe v. State*, 28 A.3d 418, 426 (Del. 2011) (citing to *Wiest v. State*, 542 A.3d 1193, 1195 (Del. 1988)).
[17] *Id.*

5

where he allegedly entered Mr. Burgos' home unlawfully and caused injury to Mr. Burgos with a cutting instrument on November 9, 2018. Regarding (3) Harassment and (4) Criminal Mischief, these charges involve Mr. Rodriguez's alleged conduct towards Ms. Blevins where he allegedly texted Ms. Blevins repeatedly[18] and slashed Ms. Blevins car tires before entering Mr. Burgos' home on November 9, 2018.

The Second Set of Charges involve Mr. Rodriguez's conduct while he was incarcerated. Mr. Rodriguez was ordered to have no contact with Mr. Burgos and Ms. Blevins. Regarding (9-25) Attempted Breach of Conditions of Bond During Commitment and (26-43) Breach of Conditions of Bond During Commitment, these charges involve Mr. Rodriguez's alleged conduct in contacting Ms. Blevins and communicating messages to Mr. Burgos through Ms. Blevins. Regarding (7) Act of Intimidation and (8) Bribing a Witness, these charges involve Mr. Rodriguez's conduct towards Ms. Blevins and Mr. Burgos where he allegedly attempted to persuade Ms. Blevins and Mr. Burgos to either testify favorably on his behalf or otherwise avoid testifying against him at trial.

---

[18] According to the State, Mr. Rodriguez: (1) accused Ms. Blevins of having sex with Mr. Burgos, (2) informed Ms. Blevins that he was going to post this information on Facebook; (2) tells Ms. Blevins he will hurt the person Ms. Blevins is "messing with"; (3) tells Ms. Blevins that he has Ms. Blevins' dog; (4) accused Ms. Blevins of setting him up to get in a fight; and (5) tells Ms. Blevins that the cops are after him. State's Resp. at p. 2.

The State asserts that prison phone call transcripts are the evidence that the State intends to use at trial for both sets of charges. These prison phone call transcripts show Mr. Rodriguez discussing the November 9, 2018 incident, which underlies the First Set of Charges, and provide the basis for the State to reindict Mr. Rodriguez for the Second Set for Charges.

Relevant to (4) Criminal Mischief within the First Set of Charges, Mr. Rodriguez allegedly confesses to Ms. Blevins in these prison phone call transcripts that he flattened her tires and repaid her for them. The State also argues that this is relevant to placing Mr. Rodriguez at the scene of the November 9, 2018 incident where he is accused of unlawfully entering Mr. Burgos' home and assaulting him.

Both sets of charges are so related that proof needed for one set, the prison phone call transcripts, is needed for the other. Any potential unfair prejudice to Mr. Rodriguez in having evidence for the First Set of Charges and Second Set of Charges presented in a joint trial is insufficient to require severance.

In *Monroe v. State*, the Delaware Supreme Court found that this Court properly denied severance where the defendant was charged with Attempted Murder of the victim in January 2006 and later charged with Murder in the First Degree for killing the same victim in April 2007. The defendant argued there, as Mr. Rodriguez argues here, that severance should be granted because, under the second *Wiest* factor, a joint trial would permit the jury to use evidence from one crime to infer a general

7

criminal disposition of the defendant in order to find the defendant guilty of other crimes.[19] The Delaware Supreme Court determined that, since the evidence supporting the Attempted Murder Charge would be admissible at a separate trial on the Murder in the First Degree Charge to prove intent and motive, this Court's decision for joinder of charges involving the same victim was not an abuse of discretion.

Here, the Court is presented with joinder of charges that involve the November 9, 2018 incident concerning two victims, Mr. Burgos and Ms. Blevins, and Mr. Rodriguez's alleged subsequent conduct involving the same two victims while he was incarcerated. Mr. Rodriguez concedes that certain evidence, the prison phone call transcripts, would be admissible for both trials on the basis of consciousness of guilt. The State argues that the prison phone call transcripts would be relevant for consciousness of guilt, identity, admission of wrongdoing, absence of mistake, intent, common scheme or plan, and similar course of conduct. Denying severance here would be consistent with *Monroe v. State*.

Mr. Rodriguez, using *State v. Waters*,[20] claims that the most significant thread between (7) Act of Intimidation and (8) Bribing a Witness, consciousness of guilt,

---

[19] *Id.* at 425.
[20] *State v. Waters*, 2011 WL 5330650 (Del. Super. 2011).

is not enough to overcome the prejudice faced by Mr. Rodriguez if these two counts are not severed from the remaining charges.

In *State v. Waters*, a case involving abuse of a child, the defendant there was charged with numerous counts involving Rape, Attempted Rape, Unlawful Sexual Contact, and Endangering the Welfare of a Child. After the defendant was incarcerated, the defendant allegedly wrote to a third party and sought to have that person intervene in an effort to have the charges against defendant dropped. The State then brought the charges of Act of Intimidation, Tampering with a Witness, Non-Compliance with Bond, and Misuse of Prisoner Mail.

*State v. Waters* is distinguishable. Notably, the defendant there decided to proceed as a self-represented litigant. There, the Court stated that it "would ordinarily be reluctant to sever in the usual case having similar facts as this case."[21] However, "in light of the special concerns highlighted by the *pro se* defense", the Court found that severance was appropriate.[22] Here, *Waters* offers no real analysis of the specific issues in this case. Additionally, Mr. Rodriguez does not impose any special concerns because he is not a self-represented litigant.

Next, Mr. Rodriguez uses *State v. McKay* to argue that the Court should sever the (9-25) Breach and (26-43) Attempted Breach of Conditions of Bond During

---

[21] *Id.* at *2.
[22] *Id.*

Commitment charges from the remaining counts in the indictment. Mr. Rodriguez argues that, like the Court found in *McKay*, "severance should not be denied when the sheer mass of charges in a case renders it extremely unlikely that a jury will be able to resist the cumulative effect of evidence" linking the defendant to separate charges. Mr. Rodriguez claims that severance is appropriate because the potential for such prejudice outweighs any competing considerations of judicial economy.

In *State v. McKay*, the defendant was to be tried on a thirty-five count indictment: four counts of Burglary, eleven counts of Possession of a Deadly Weapon During Commission of a Felony, eight counts of Robbery First Degree, four counts of Rape First Degree, one count of Kidnapping, one count of Attempted Robbery, one count of Escape after Conviction, and one count of Possession of a Firearm By a Person Prohibited. The last two counts (Escape after Conviction and Possession of a Firearm By a Person Prohibited) required evidence of the defendant's criminal record. The State in *McKay* had a lengthy confession, fingerprints, and eyewitness identification in apparently all of the rapes. Despite underlying similarities between the charges and alleged conduct, the Court there believed that there was a "sheer mass" of evidence that a jury could not render individualized verdicts and would assume a general disposition.

*McKay* is distinguishable. The indictment in *McKay* involved eight separate unlawful incidents and nine different victims. Here, the charges involve the primary

10

November 9, 2018 incident that led to Mr. Rodriguez's incarceration and then charges related to Mr. Rodriguez's alleged subsequent conduct where he simultaneously violated his No Contact Order and allegedly engaged in conduct involving Bribing a Witness and Act of Intimidation. Moreover, the State asserts that they intend to use prison phone call transcripts, text messages sent from Mr. Rodriguez to Ms. Blevins, and testimony from Ms. Blevins as evidence at trial. This Court does not see a sheer mass of evidence and certainly not a sheer mass that would overwhelm a jury.

## Conclusion

Mr. Rodriguez has not shown that joinder is so prejudicial that it outweighs the legitimate concern of judicial economy. Accordingly, Mr. Rodriguez's Motion for Relief from Prejudicial Joinder is **DENIED**.


**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott

11