**Harry WIEST, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: May 24, 1988.
Decided: June 15, 1988.

Bernard J. O'Donnell, Wilmington, on behalf of appellant.

Timothy H. Barron, Wilmington, on behalf of appellee.

Before CHRISTIE, C.J., and MOORE and HOLLAND, JJ.

HOLLAND, Justice:

The defendant-appellant, Harry Wiest ("Wiest"), was arrested on March 26, 1986, and charged with two separate burglaries and other related offenses that were alleged to have occurred in September 1981 and January 1982. Following a jury trial, Wiest was found guilty of two counts of second degree burglary, two counts of second degree conspiracy, two counts of felony theft, and two counts of possession of a deadly weapon during the commission of a felony. This Court dismissed Wiest's untimely direct appeal.

The present matter involves a timely appeal from the Superior Court's decision to

deny Wiest's postconviction motion for a new trial based upon a prejudicial joinder of the offenses. In denying a pretrial motion by Wiest to sever the trial of the 1981 and 1982 offenses, the trial court relied on representations by the State which never materialized. Wiest argues that because those representations never materialized, the trial court, in the continued exercise of its discretion, should have granted Wiest's motion for a new trial. We find that Wiest's motion for a new trial should have been granted.

### Motion to Sever

Wiest filed a motion to sever the trial of the September 1981 offenses and the January 1982 offenses. At a pretrial office conference concerning Wiest's motion to sever, Wiest's attorney argued that by joining the two separate and unrelated sets of offenses for trial, the credibility of the State's witnesses would be enhanced. Wiest's attorney also argued that the prejudicial joinder adversely affected Wiest's desire to testify in one case but not the other. Wiest's attorney further argued that it would be impossible for the jury to consider each set of offenses separately.

The State opposed Wiest's motion, arguing that the evidence of the September 1981 offenses would be admissible in the trial of the January 1982 offenses. The State also argued that its key witness, Mark Migliore ("Migliore"), would testify that he committed the first burglary with Wiest and that he was present when Wiest and Anthony Semonelle ("Semonelle") committed the second burglary:

> In this particular case, one of the State's key witnesses is a guy by the name of Mark Migliore. He's in a federal witness protection program at this time. It's very difficult to—and expensive to get these people transported from one location to trial. He's expected to testify concerning both of the burglaries, the first one that he actually committed with Mr. Wiest and, secondly, that he was present when Mr. Wiest and Mr. Semonelle committed the other burglary. He would be a common and very important witness as to both counts.

For that reason, for the sake of judicial economy and for the reasons I enunciated on the general principals [sic] governing severance, the State would oppose Mr. Winslow's motion.

The State further contended that judicial economy would be achieved through a joint trial on all charges, i.e., judicial resources would be conserved and inconvenience to the State's witnesses would be minimized.

The trial judge denied Wiest's motion to sever, finding the State's arguments persuasive. However, the trial judge noted that Wiest could renew his motion to sever at the conclusion of the State's case if the evidence actually presented at trial affected Wiest's decision to testify. The court stated:

> If there is mutuality of witnesses, then judicial economy indicates that they should be tried together. The mere possibility that he may or may not take the stand, I guess, basically determines—is determined by what evidence is presented during the course of the trial. If it becomes that serious, then I certainly will give you the opportunity to renew your motion at the conclusion of the State's case.

### Motion for New Trial

Migliore testified that he and Wiest committed the September 1981 burglary. Semonelle testified that he and Wiest alone committed the January 1982 burglary. Migliore testified that he was not present at the January 1982 burglary. He could not remember if Semonelle had ever said anyone was involved with him in the January 1982 burglary. After the State concluded its case, Wiest renewed his motion to sever. This motion was again denied by the trial judge. Wiest did not testify.

In Wiest's motion for a new trial, he argued once again that the motion to sever should have been granted. The trial judge denied the motion for a new trial on that basis, stating: "The Court made a decision at the time the motion [to sever] was presented and abides by that decision at this time. The fact that the testimony

presented was not in complete compliance with representations made by the State prior to trial does not change the Court's decision."

### Prejudicial Joinder

■ Under Superior Court Criminal Rule 8(a), two or more offenses may be joined in the same indictment provided that one of the following circumstances exist: the offenses are of the same or similar character; the offenses are based on the same act or transaction; the offenses are based on two or more connected acts or transactions; or the offenses are based on two or more acts or transactions constituting parts of a common scheme or plan.[1] The rule of joinder "is designed to promote judicial economy and efficiency, provided that the realization of those objectives is consistent with the rights of the accused." *Mayer v. State*, Del.Supr., 320 A.2d 713, 717 (1974), *quoted in Sexton v. State*, Del. Supr., 397 A.2d 540, 545 (1979). However, if it appears that the defendant is prejudiced by a joinder of offenses in an indictment, the Superior Court may sever the offenses and order separate trials even though the offenses were properly joined in the same indictment.[2] *State v. McKay*, Del.Supr., 382 A.2d 260, 262–63 (1978).

The decision to grant or deny a motion for severance rests within the sound discretion of the trial court. *Younger v. State*, Del.Supr., 496 A.2d 546, 549–50 (1985); *Lampkins v. State*, Del.Supr., 465 A.2d 785, 794 (1983); *Bates v. State*, Del.Supr., 386 A.2d 1139, 1141 (1978). The trial court's decision will not be overturned by this Court in the absence of a showing of prejudice by the defendant. *Lampkins v. State*, 465 A.2d at 794; *Bates v. State*, 386 A.2d at 1141–42.

■ The prejudice which a defendant may suffer from a joinder of offenses has been described in the following terms: 1) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find; 2) the jury may use the evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find guilt of the other crime or crimes; and 3) the defendant may be subject to embarrassment or confusion in presenting different and separate defenses to different charges. *State v. McKay*, 382 A.2d at 262. *See also Drew v. United States*, 331 F.2d 85, 88 (D.C.Cir.1964).

■ Wiest has the burden of demonstrating prejudice from the denial of his motion to sever. *Bates v. State*, 386 A.2d at 1141. As a general rule, the denial of a motion to sever results in an abuse of discretion when there is a reasonable probability that substantial prejudice may have resulted from a joint trial. *Id.* In determining whether the trial court has abused its discretion in denying a motion, we must examine the facts in each case. *Id.* In examining the facts of this case, we find that the prejudice suffered by Wiest from joining the trials of the September 1981 and January 1982 offenses falls into all three categories of potential prejudice that have been identified and, in particular, into the last category.[3]

The assertion that Wiest would have conducted his defense differently, i.e., that he

---

1. Superior Court Criminal Rule 8(a) provides:

Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on 2 or more acts or transactions connected together or constituting parts of a common scheme or plan.
Super.Ct.Crim.R. 8(a).

2. Superior Court Criminal Rule 14 provides:

If it appears that a defendant or the State is prejudiced by a joinder of offenses or of defendants in an indictment or information or

by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the Court may order the attorney for the State to deliver to the Court for inspection in camera any statements or confessions made by the defendants which the State intends to introduce in evidence at the trial.
Super.Ct.Crim.R. 14.

3. Even if it is determined that the prejudice alleged by Wiest is not sufficient to *require* severance of separate offenses, a crucial factor to be considered in making a final determination on the motion should be whether the evi-

would have testified at one trial if there had been two trials, does not *per se* demonstrate an abuse of discretion by the trial judge in denying severance. *Id.* at 1142. However, in the absence of the representation by the State that the two offenses were connected by Migliore's presence at both burglaries, Wiest's motion to sever the trials would have been granted. Indeed, the trial court noted this connection in denying the motion to sever before the trial began. When the representation that resulted in the single trial on both sets of charges failed to materialize, judicial economy was outweighed by the prejudice to Wiest and the motion for a new trial should have been granted. *Cf. Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715, 719–20 (1981).

### Conclusion

The judgments of the Superior Court resulting in Wiest's convictions are REVERSED, and the case is REMANDED for separate new trials on the charges arising from the incidents which occurred in September 1981 and January 1982.

dence of one crime would be admissible in the trial of the other crime. *Bates v. State*, Del. Supr., 386 A.2d 1139, 1142 (1978). Traditionally, evidence of one crime is inadmissible to prove a general disposition to commit another crime, even if the crime is of the same nature and character as the offense charged. *Getz v. State*, Del.Supr., 538 A.2d 726, 730 (1988). Evidence of other offenses is admissible when it has "independent logical relevance" and its probative value to the State has been balanced against the prejudicial effect on the defendant. *Id.* at 730–34; D.R.E. 404(b). The record in this case does not support the proposition that evidence of each burglary would be admissible at separate trials.