IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARCUS ROSSER, | § | |
| | § | No. 470, 2015 |
| Defendant Below-<br>Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1407011336 |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: January 29, 2016
Decided: April 5, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## **O R D E R**

This 5th day of April 2016, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)   In May 2015, following a four-day trial, a Superior Court jury convicted the defendant-appellant, Marcus Rosser, of one count each of Assault in the First Degree, Robbery in the First Degree, Carrying a Concealed Deadly Weapon, Possession of a Firearm by a Person Prohibited ("PFPP"), and two counts of Possession of a Firearm During the Commission of a Felony.  On August 21, 2015, the Superior Court sentenced Rosser to a total period of forty years at Level

V incarceration, to be suspended after serving eighteen years in prison for decreasing levels of supervision. This is Rosser's direct appeal.

(2) Rosser's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, counsel informed Rosser of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief and appendix. Rosser also was informed of his right to supplement his attorney's presentation. Rosser has raised several issues for inclusion in the Rule 26(c) brief. The State has responded to counsel's position and to Rosser's points and has moved to affirm the Superior Court's judgment.

(3) The trial transcript reflects that, around 8:00 p.m. on July 13, 2014, Ronald Maddrey encountered Rosser at a convenience store in New Castle, Delaware. Rosser was driving a silver SUV. Maddrey agreed to sell marijuana to Rosser at a different location. Maddrey followed Rosser in his car to a nearby apartment complex. As Maddrey approached Rosser's SUV, Rosser pulled out a gun and shot Maddrey in the arm. After being shot, Maddrey ran behind an apartment building and returned to his car only after Rosser drove away. Maddrey went to the hospital for treatment. During a police interview, Maddrey identified Rosser as his assailant.

2

(4) Later that same evening, three people, including Tyler Buchanan, were talking outside of a different New Castle convenience store. They encountered a man in an SUV who pulled a gun on Buchanan as the two were walking toward each other. The man with the gun robbed Buchanan of a pack of cigarettes. The police were notified. Later, in the early morning hours of July 14, 2014, the police showed Buchanan a photographic array. Buchanan identified Rosser as the man who robbed him at gunpoint.

(5) Shortly after the Buchanan robbery, the police conducted a motor vehicle stop of Rosser's SUV. During the course of a search of the SUV, the police seized a revolver with one bullet missing. Both Maddrey and Buchanan testified at trial and identified Rosser as their assailant. Rosser did not testify at trial.

(6) In response to his counsel's brief on appeal, Rosser raises several issues. First, he contends that he was unfairly prejudiced by the joinder of charges from two separate indictments into a single trial. Second, he contends that the charge of PFPP should have been bifurcated. Third, he contends that Maddrey was not a competent witness because he was coerced into testifying. Finally, he contends that the evidence was insufficient to support his convictions.

(7)     The standard and scope of review applicable to the consideration of defense counsel's motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record in order to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(8)     Rosser's first argument on appeal is that he was unfairly prejudiced by the consolidation of the assault case in which Maddrey was the victim and the robbery case in which Buchanan was the victim.  Rosser did not object to consolidation of the indictments nor did he file a motion to sever the charges in the Superior Court.  Accordingly, we review this argument on appeal for plain error.[2] Under the plain error standard of review, the error complained of must be so clearly prejudicial to a defendant's substantial rights as to jeopardize the fairness and integrity of the trial.[3]

(9)     The charges involving the two victims initially were indicted separately but later were consolidated on August 18, 2014.  Superior Court Criminal Rule 13 allows consolidation of charges if the offenses "could have been

---

[1] *Penson v Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442

[2] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[3] *Id.*

4

joined in a single indictment . . . ."[4]  Under Criminal Rule 8(a), two or more

offenses may be charged in the same indictment "if the offenses charged are of the

same or similar character or are based on the same act or transaction or on two or

more acts or transactions connected together or constituting parts of a common

scheme or plan."[5]  Joinder of claims "promote[s] judicial economy and efficiency,

provided that the realization of those objectives is consistent with the rights of the

accused."[6]

(10)  The Superior Court may order separate trials of joined charges if "it

appears that a [party] is prejudiced by a joinder of offenses . . . ."[7]  We have held

that the severance of charges may be appropriate when: (i) the jury may cumulate

the evidence of the individual crimes and find the defendant guilty when, if

considered separately, the jury would not so find; (ii) the jury may use the evidence

of one crime to infer a general criminal disposition in order find the defendant

guilty of all the charges; and (iii) the defendant may be embarrassed or confused in

presenting different defenses to the individual crimes.[8]  Another "crucial" factor to

---

[4] Del. Super. Ct. Crim. R. 13 (2016).

[5] *Id*. 8(a).

[6] *Kemske v. State*, 2007 WL 3777, *3 (Del. Jan.2, 2007) (*quoting Wiest v. State*, 542 A.2d 1193, 1195 (Del. 1998)).

[7] *Johnson v. State*, 983 A.2d 904, 922 (Del. 2009) (*quoting* Super. Ct. Crim. R. 14).

[8] *Kemske v. State*, 2007 WL 3777, *3 (Del. Jan. 2, 2007).

be considered is whether evidence of the one crime would be admissible in the trial of the other crime.[9]

(11) In this case, we find no plain error in the consolidation of Rosser's offenses for trial. The charged offenses were "connected together" under Rule 8(a) because they happened close in time and close in location and involved interconnecting evidence, namely Rosser's SUV and the revolver used in both offenses, which the police found during a search of the SUV conducted on the same evening as both crimes. Moreover, both victims were able to positively identify Rosser when interviewed by the police and when testifying at trial. Under these circumstances, we find no merit to Rosser's suggestion that the Superior Court committed plain error in failing to order separate trials. Moreover, to the extent Rosser suggests that his trial counsel was ineffective for failing to request that the charges be severed, we will not consider a claim of ineffective assistance of counsel for the first time on direct appeal.[10]

(12) Rosser's next claim is that he was prejudiced by the joinder of the PFPP with his other charges. Rosser stipulated, however, that he was a person prohibited from possessing a firearm. He thus has waived any claim of prejudicial joinder.[11]

---

[9] *Id.* (*quoting Wiest v. State*, 542 A.2d 1193, 1195 n.3 (Del. 1998)).

[10] *Johnson v. State*, 962 A.2d 233, 234 (Del. 2008).

[11] *Johnson v. State*, 983 A.2d 904, 923 (Del. 2009).

6

(13)  Next, Rosser contends that Maddrey was not a competent witness because the State coerced Maddrey into testifying by not charging him with any criminal offenses arising from his admitted drug possession and dealing on the night he was shot and by offering Maddrey a favorable plea agreement on criminal charges for which he was arrested a week later.  Defense counsel cross-examined Maddrey extensively at trial about his favorable treatment by the State.

(14)  Contrary to Rosser's assertion, a challenge to the credibility of a witness goes to the weight to be accorded to that evidence by the jury, not to its admissibility.[12]  The jury is the sole judge of the credibility of the witnesses appearing before the trial court and is responsible for resolving any conflicts in the testimony.[13]  It was for the jury to determine what weight to give to Maddrey's testimony.  We find no merit to Rosser's argument on appeal.

(15)   Rosser's final claim is a general claim that the State's evidence was insufficient to support his convictions.  In reviewing his challenge to the sufficiency of the evidence, this Court, viewing the evidence in the light most favorable to the State, must determine whether any rational juror could have found Rosser guilty beyond a reasonable doubt of the crimes charged.[14]  Given the victims' testimony and Rosser's stipulation that he was a person prohibited from

---

[12] *Taylor v. State*, 76 A.3d 791, 800 (Del. 2013).

[13] *McCoy v. State* 112 A.3d 239, 268 (Del. 2014).

[14] *Id.* at 1307 (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

possessing a gun, the State presented sufficient evidence to meet its burden of proving each charge beyond a reasonable doubt.

(16) The Court has reviewed the record carefully and has concluded that Rosser's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Rosser's counsel has made a conscientious effort to examine the record and has properly determined that Rosser could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice