# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,    :

           :  I.D. No. 1511001595

v.           :  Kent County

           :

MARK A BARTELL,     :

           :

   Defendant.     :

Submitted: January 13, 2017
Decided: January 25, 2017

## ORDER

Upon Defendant's Motion to Sever.
*Denied.*

Denise Weeks-Tappan, Esquire of the Department of Justice, Dover, Delaware; attorney for the State.

J'Aime L. Walker, Esquire of the Public Defender's Office, Dover, Delaware; attorney for Defendant.

WITHAM, R.J.

Before the Court is Defendant Mark Bartell's motion to sever from the indictment two charges of Criminal Solicitation in the First Degree. The grand jury first indicted Mr. Bartell on two counts of Rape in the First Degree, Rape in the Fourth Degree, Terroristic Threatening, and Offensive Touching. The criminal solicitation charges were added after Mr. Bartell allegedly solicited two fellow inmates to kill the victim of the originally charged crimes.

The motion is ***denied***.

## STANDARD OF REVIEW

Under Superior Court Rule 8(a), two or more offenses may be joined in the same indictment "if the offenses 'are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.'"[1] But "a trial court may grant severance if the defendant is prejudiced by the joinder."[2]

## THE PARTIES' CONTENTIONS

Mr. Bartell argues that the offenses should be severed because the solicitation allegedly occurred at James T. Vaughn Correctional Center four months after the original offenses, which were alleged to have occurred at Mr. Bartell's residence. Mr. Bartell thus argues that the jury would be "forced" to draw an improper inference of his general criminal disposition based on the fact that he was in custody at the time of the later offenses.

---

[1] *Ashley v. State*, 85 A.3d 81, 84 (Del. 2014) (quoting Super. Ct. Crim. R. 8(a)).

[2] *Id.* (citing Super. Ct. Crim. R. 14).

The State argues that joinder is permissible based on *Ashley v. State* because (1) the offenses are based on the same act or transaction (namely, stopping the victim from testifying), and (2) Mr. Bartell has not demonstrated prejudice.

## DISCUSSION

Prejudicial joinder may arise in any of the three situations: (1) "when the jury might cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find;" (2) "when the jury might use the evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find guilt of the other crime or crimes;" (3) "when the defendant might be subject to embarrassment or confusion in presenting different and separate defenses to different charges."[3] An essential and potentially dispositive inquiry is "whether the evidence of one crime would be admissible in the trial of the other crime."[4] The defendant seeking severance bears the burden of demonstrating prejudice beyond merely hypothetical prejudice.[5]

Severance is not required merely because there was a space of time between the charged crimes, and the crimes themselves were separate.[6] The balancing test is ultimately between "the rights of the accused" and "the legitimate concern for judicial economy."[7]

---

[3] *Id.* at 84–85 (citing *Wiest v. State*, 542 A.2d 1193, 1195 (Del. 1988)).

[4] *Id.* at 85 (quoting *Wiest*, 542 A.2d at 1196 n.3).

[5] *Id.* (quoting *Skinner v. State*, 575 A.2d 1108, 1118 (Del. 1990)).

[6] *Id.* (quoting *Skinner*, 575 A.2d at 1118).

[7] *Id.* (citing *Mayer v. State*, 320 A.2d 713, 717 (Del. 1973)).

3

In *Ashley*, the Supreme Court held severance was not required.[8] The defendant in that case was charged with four counts of Rape in the Second Degree, one count of Rape in the Fourth Degree, four counts of Unlawful Sexual Contact in the First Degree, and one count of Continuous Sexual Abuse of a Child.[9] Later, when the defendant bribed the victim's relatives to prevent the victim from testifying, the grand jury reindicted the defendant for Bribing a Witness, Interfering with a Child Witness, and Conspiracy in the Second Degree.[10] The Supreme Court held that the trial court did not abuse its discretion when it denied joinder.[11] It reasoned that the new charges arose from the defendant's "attempt to stop [the victim] from testifying against him" and were thus "based on the same act or transaction."[12] It pointed out that the State would have been permitted to introduce evidence of the communication between the defendant and his girlfriend in his attempt to bribe her to show consciousness of guilt.[13] And it noted that the State would have had to call some of the same witnesses "to show motive and intent on the part of [the defendant] in order to prove the later-indicted charges."[14] The Court also weighed the prejudice to the defendant against the interest of judicial economy and found that the trial court's decision removed the

---

[8] *Id.*

[9] *Id.* at 83.

[10] *Id.* at 83–84.

[11] *Id.* at 85.

[12] *Id.*

[13] *Id.*

[14] *Id.*

need to retry the rape case against the defendant in a second action, and that the trial court's use of an instruction to the jury indicating that "they were not to accumulate the evidence presented" was sufficient to avoid prejudice.[15]

Similarly here, the alleged attempts to have a fellow inmate (or inmates) kill the victim of the original crimes were based on the same act or transaction as those in the first indictment. Without engaging in a full 404(b) and *Getz* analysis, it is nevertheless clear that the counts of the indictment should not be severed. The State would almost certainly be able to introduce communication between Mr. Bartell and his fellow inmates to show his consciousness of guilt as to the originally charged crimes, as well as the existence of a common scheme or plan. The witnesses on which the State will rely to prove the original charges could also be used to show motive and intent in a trial on the later-indicted charges. If the charges are severed, the State will have to retry the initial rape, terroristic threatening, and offensive touching case in order to show Mr. Bartell's motive and intent to commit the later-charged crime.

Mr Bartell. argues that he will be prejudiced because the jury will infer from his later incarceration that he had a general criminal disposition and thus was more likely to commit the earlier charged acts. He likens the potential prejudice to the prohibition of forcing a defendant to wear prison garb at trial.[16] Mr. Bartell's pre-trial detention for the first-indicted crimes might risk some prejudicial effect, but the probative value of the later-charged alleged attempts to procure the murder of the

---

[15] *Id.*

[16] *See generally Estelle v. Williams*, 425 U.S. 501, 503–05 (1976).

victim outweighs the danger of *unfair* prejudice here.[17] To the extent it would otherwise create prejudice to the defendant, the parties may suggest an appropriate jury instruction.[18]

## CONCLUSION

The motion to sever the charges is **DENIED**.

_____
Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:     Prothonotary
xc:     Denise Weeks-Tappan, Esquire
        J'Aime L. Walker, Esquire

---

[17] *Cf. United States v. Hines*, 955 F.2d 1449, 1454–55 (11th Cir. 1992) (finding no prejudice where witness remarked on defendant's incarceration and "there was no indication that the incarceration was related to any crime other than the one for which the defendant was being tried").

[18] At least one such instruction has already been approved by the Supreme Court. *See Monroe v. State*, 28 A.3d 418, 428 (Del. 2011) ("The defendant is charged in Counts 1 through 10 with criminal charges related to the incident on April 2, 2007 and, in Counts 11 and 12, with criminal charges related to the incident on January 26, 2006. These are separate and distinct offenses and must, therefore, be independently evaluated by you. Just because you reach a conclusion with regard to the other offenses does not mean you need to reach a similar conclusion as to any of the other charges. Again, each charge is separate and distinct, and you must evaluate evidence as to one independently from evidence as to the others."). As to the jury learning of the defendant's incarceration, an appropriate instruction was permitted by the Third Circuit. *United States v. Provenanzano*, 620 F.2d 985, 1003 (3d Cir. 1980) ("You're not to speculate on the reasons for that incarceration, the place of it or anything else. You are also to draw no inferences because of this . . . incarceration or the speculative reasons for it [that the defendant] is a bad man or disreputable individual or is any more likely than one who has not had this history to commit that crime. It's a limited purpose and I restrict the use of that evidence to that limited purpose.")