# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

**FERRIS W. WHARTON**
*JUDGE*

LEONARD L. WILLIAMS JUSTICE CENTER
WILMINGTON, DE 19801-3733
PHONE: (302) 255-0657
FAX: (302) 255-2273

June 7, 2021

Monil D. Amin, Esquire
Deputy Attorney General
Carvel State Building
820 N. French St.
Wilmington, DE 19801

Monika A. Germono, Esquire
Assistant Public Defender
Carvel State Building
820 N. French St., Third Floor
Wilmington, DE 19801

> **Re:  State v. Wilbur Medley**
> **ID Nos. <u>1906005480, 1906005528</u>[1]**
>
> Submitted: March 25, 2020
> Decided: June 7, 2021[2]
>
> *Upon Defendant Wilbur Medley's Motion to Sever,*
> **DENIED.**

Dear Counsel:

The Defendant, Wilbur Medley ("Medley") is charged in three separate indictments. Before the Court is his Motion to Sever in one of those indictments.[3]

---

[1] The separate identification numbers have been combined into one indictment.
[2] Resolution of the motion was delayed due to logistical difficulties the Court encountered attributable to COVID-19 and in addressing the Defendant's now abandoned effort to represent himself. *See* the Court's letter to counsel dated February 22, 2021, D.I. 24. (Docket items refer to ID# 1906005528.)
[3] Def.'s Mot. to Sever, D.I. 30.

The indictment contains 18 counts, 16 of them allege various burglary, theft and criminal mischief charges involving seven separate victims.[4] The last two counts allege possession of a controlled substance and resisting arrest. The Motion to Sever seeks to sever the counts of the indictment and try the severed counts in seven separate trials. The State opposes the motion.[5]

Both Medley and the State have provided summaries of the charges in their respective filings. Ten counts of the indictment allege crimes occurring on June 5, 2019 in four separate locations.[6] All ten counts are either burglary, theft, attempted theft, or criminal mischief charges.[7] All remaining counts allege crimes occurring on June 8, 2019.[8] Six counts allege either burglary, attempted burglary, theft, or attempted theft occurring at three separate locations.[9] The remaining two counts appear to relate to Medley's arrest.[10] Most of the incidents occurred in the Rambleton Acres neighborhood – three on June 5th and a fourth on June 8th, with the incident on the 8th, occurring on the same street as one of the incidents on the

---

[4] D.I. 3.
[5] State's Resp. to Def.'s Mot. to Sever, D.I. 45.
[6] D.I. 3.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*

5th.[11]  Medley's arrest occurred on the 8th in Rambleton Acres.[12]  The other two incidents occurred on the 8th in Carriage Run, a neighborhood less than two miles from Rambleton Acres.[13]

Medley argues that he will suffer prejudice because the jury may aggregate the evidence of multiple crimes and find him guilty, when if the crimes were considered separately, it might not. Further, because of the multiple crimes alleged, the jury might infer a general criminal disposition and find him guilty.[14] Additionally, he is concerned that the number of incidents and charges will make it difficult for the jury to differentiate between the various offenses.[15]  Finally, he argues that that *Weist v. State*[16] and *Getz v. State*[17] support severance because otherwise inadmissible evidence of other bad acts (the other incidents) would affect the jury's consideration of each individual incident.[18]

For its part, the State emphasizes the temporal and geographic proximity of the various incidents.  All seven burglaries (or attempted burglaries) took place

---

[11] State's Resp. to Def.'s Mot. to Sever, D.I. 45.
[12] *Id.*
[13] *Id.*
[14] Def.'s Mot to Sever, D.I. 30.
[15] *Id.*
[16] 542 A.2d 1193 (Del. 1988).
[17] 538 A.2d 726 (Del. 1988).
[18] Def.'s Mot. to Sever, D.I. 29.

between June 5th and 8th within 1.5 miles of each other and are of the same or similar character.[19] Four of them took place within hours of each other on the night of June 5th.[20] The other incidents on the 8th all occurred within about six hours of each other during the daytime with Medley wearing the same clothes and using the same vehicle in each.[21] Further, the State argues that the overlapping evidence in some incidents, and the similar manner in which the crimes were committed would warrant admission of much, if not all, of the evidence in all of the incidents under in separate trials under D.R.E. 404(b) and *Getz.*[22]

The law on joinder of offenses for trial and on severing multiple charges which may be joined is summarized as follows: under Superior Court Criminal Rule 8(a), a defendant may be tried simultaneously for two or more offenses if the offenses are "of the same or similar character," or based on [two] or more acts or transactions connected together or constituting parts of a common scheme or plan." If, however, the trial court finds that joinder of offenses will prejudice either party, it may sever offenses.[23] Here, the charges were properly joined in a single indictment since they were "of the same or similar character" and were "based on … two or

---

[19] State's Resp. to Def.'s Mot. to Sever, D.I. 45.
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] Super. Ct. Crim. R. 14.

more acts or transactions connected together or constituting parts of a common scheme or plan."[24]  As alleged, the indicted crimes:

(a) involved Medley acting alone without any co-conspirators;

(b) took place within close geographic proximity of each other;

(c) occurred on two days, separated by only two days, and on each day, occurred within hours of each other;

(d) were similar in plan and execution in that Medley burglarized detached garages, sheds, or houses where it appeared that no one was home.

Medley contends, however, that the charges should be severed into seven groups for trial, and he argues that failure to sever in that manner would be prejudicial to him because: (a) the jury may cumulate the evidence from the various crimes and find him guilty where if there were to be separate trials, he might be found not guilty; (b) the jury may infer a general criminal disposition to him and regard the number of charges against him as evidence of his guilt, and (c) evidence of each separate incident, otherwise inadmissible under D.R.E. 404(b) at the trial of a single incident, would be presented at a joint trial of all the incidents.

There is no reason to believe beyond speculation, however, that there would be any prejudice to the Defendant.  The number of incidents involving burglary

---

[24] Super. Ct. Crim. R. 8.

related charges – seven – and the number of related counts – 16 - are not so great that that the jury will be unable to segregate the evidence as to each and follow the Court's instruction to render separate verdicts as to each count. Nor are those numbers so great that the jury will disregard the evidence and infer by those numbers that the Defendant is guilty. Additionally, unlike in *Weist*, Medley has not expressed a desire to testify concerning only selected incidents. Further, if severance were to occur, it is probable that evidence from the crimes committed on both days would be admissible in each trial under the standards set forth in D.R.E. 404(b) and the cases interpreting it. Finally, the interests of judicial economy would be ill served by seven separate trials.

Accordingly, Defendant Wilbur Medley's Motion to Sever is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton, Judge*
Ferris W. Wharton
Judge

oc: Prothonotary
cc: Michael Tipton, Esquire, Deputy Attorney General

6