# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. A. No. 2006005715 |
| | ) | |
| CURTIS BRISCO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Decided: June 7, 2021

*Upon Defendant Curtis Brisco's Motion to Sever Defendants*
**GRANTED.**

**ORDER**

Renee Hrivnak, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Elise K. Wolpert, Esquire, Office of Eugene J. Maurer, P.A., Wilmington, Delaware, Attorney for Defendant Curtis Brisco

**SCOTT, J.**

## INTRODUCTION

Before the Court is Defendant Curtis Brisco's ("Mr. Brisco") Motion to Sever Defendants (the "Motion"). After reviewing the Motion and the State of Delaware's (the "State") Response, Mr. Brisco's Motion is **GRANTED**.

## BACKGROUND

On August 15, 2019, it is alleged that Mr. Brisco and Mr. Shackelford committed a litany of offenses against two victims in one incident. What occurred on that night differs between Mr. Brisco and Mr. Shackelford. However, Mr. Shackelford asked Mr. Brisco to set up a meeting with Mr. Shackelford's ex-girlfriend (the "Victim"). The Victim had been working allegedly as a prostitute at a nearby motel.

Both Mr. Brisco and Mr. Shackelford have changed their stories multiple times. According to Mr. Brisco, he met with the Victim because he was under the impression that the Victim had stolen money from Mr. Shackelford and Mr. Shackelford wanted it back. Mr. Shackelford denies this and claimed that Mr. Brisco set up a "date" with the Victim so that Mr. Shackelford could offer her help. According to Mr. Shackelford, the Victim did not wish to speak with him because she was "embarrassed and did not want him to see her like that." So instead, Mr. Shackelford instructed Mr. Brisco to set up the meeting as if he were a patron and then text Mr. Shackelford to say which hotel room he and the Victim were in.

1

According to Mr. Brisco, he met with the Victim and, at some point, invited Mr. Shackelford inside the room without the Victim's permission. Mr. Shackelford denies this and claims that the Victim opened the door for him and gave him a hug.

According to Mr. Brisco, Mr. Shackelford held down the Victim and questioned her about money that she allegedly owed him. Mr. Shackelford denies that he held down the victim and stated that it was possible that Mr. Brisco took money from the Victim. Mr. Brisco denies that he took any money and that he looked for money at the direction of Mr. Shackelford.

It is claimed that Mr. Shackelford raped the Victim that evening while Mr. Brisco left the motel room and searched the Victim's vehicle for money. Initially, Mr. Shackelford denied having sex with the Victim, then admitted to having sex with the Victim, and then later denied having sex with the Victim. Mr. Brisco claims to have no knowledge of any sexual contact between Mr. Shackelford and the Victim.

On June 14, 2020, Mr. Brisco was arrested and charged with Robbery First Degree, Possession of a Firearm During the Commission of a Felony, Home Invasion, Aggravated Menacing, Conspiracy Second Degree, and Unlawful Imprisonment Second Degree. On September 8, 2020, Mr. Brisco was indicted along with his co-defendant Cedric Shackelford ("Mr. Shackelford").[1]

---

[1] Mr. Shackelford was initially indicted on January 21, 2020, however his co-defendant had not been identified at that time. Once Mr. Brisco was identified, a

In the September 8, 2020 indictment, Mr. Brisco and Mr. Shackelford were indicted together on the following charges: Burglary Second Degree (Count I), Robbery First Degree (Count II), Aggravated Menacing (Count III), Conspiracy Second Degree (Count IV), and Theft Under $1500 (Count V). Separately, Mr. Brisco was also indicted on one count of Terroristic Threatening (Count IX).

In addition to the above charges, Mr. Shackelford was indicted individually on two counts of Rape First Degree (Counts VI and VII), Act of Intimidation (Count X), and Unlawful Imprisonment Second Degree (Count VIII).

On January 18, 2021, Mr. Brisco filed his Motion and requested this Court to afford him relief from, what he claims to be, prejudicial joinder. On April 12, 2021, the State filed its Response and requested this Court to deny Mr. Brisco's Motion.

## PARTIES' ASSERTIONS

### A. Mr. Brisco

Mr. Brisco argues that severance is required for four reasons: (1) Mr. Shackelford made extra-judicial statements implicating Mr. Brisco in the charged offenses; (2) Mr. Brisco's and Mr. Shackelford's defenses are antagonistic to one another; and (3) Mr. Brisco would suffer significant prejudice in presenting evidence

warrant was issued for his arrest and Mr. Shackelford was re-indicted on September 8, 2020 alongside Mr. Brisco.

3

of Mr. Shackelford's alleged rape charge for which Mr. Brisco is not charged;[2] and (4) severance is necessary in order to uphold Mr. Brisco's Sixth Amendment right to confront any witnesses against him.[3]

## B. The State

The State argues that: (1) Mr. Brisco cannot demonstrate a reasonable probability that substantial prejudice may result from a joint trial; (2) *Bruton* does not apply because the State has not identified or suggested it will use either Mr. Brisco's or Mr. Shackelford's statement in its case in chief; (3) Mr. Brisco and Mr. Shackelford do not have antagonistic defenses because the just cannot reasonably accept the core of one defense only if it rejects the core of the other defense; and (4) jury instructions can cure any issues or concerns that Mr. Brisco will be prejudiced by the jury hearing evidence of the crimes for which Mr. Shackelford is charged.

## STANDARD OF REVIEW

Under Superior Court Criminal Rule 8(a), joinder of offenses is permissible "if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."[4] Under Superior Court Criminal

---

[2] Def.'s Mot. at ¶ 7.
[3] *Id.* at ¶ 11.
[4] Super. Ct. Crim. R. 8(a).

4

Rule 14, if it appears that a defendant or the state is prejudiced by joinder of offenses or of defendants in an indictment, the Court may order separate trials of counts or provide whatever other relief justice requires.[5]

The decision to grant a severance motion is within the discretion of the trial court.[6] A defendant bears the burden of demonstrating that a reasonable probability of prejudice exists for the charges or defendants to be severed and tried separately.[7]

"As a general rule, the factors to be considered when determining whether a motion for a separate trial should be granted are: problems involving a co-defendant's extra-judicial statements; an absence of substantial independent competent evidence of the movant's guilt; antagonistic defenses as between the co-defendant and the movant; and difficulty in segregating the State's evidence as between the co-defendant and the movant."[8]

Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[9]

---

[5] Super. Ct. Crim. R. 14.
[6] *Bradley v. State*, 559 A.2d 1234, 1241 (Del. 1989).
[7] *Lampkins v. State*, 465 A.2d 785, 794 (Del. 1983).
[8] *Weist v. State*, 542 A.2d 1193, 1995 (Del. 1988).
[9] *Manley v. State*, 709 A.2d 643, 652 (Del. 1998).

## DISCUSSION

### I. Joinder is Permissible

The allegations underlying the charges by both Mr. Brisco and Mr. Shackelford are "based on the same act or transaction."[10]

### II. Severance is Warranted

Ordinarily, defendants indicted jointly should be tried together. However, if justice requires it, this Court should grant separate trials.[11] A defendant seeking to sever his trial from that of his or her codefendant bears the burden of establishing more than mere hypothetical prejudice through joinder of defendant's trial with that of his or her codefendant.[12]

When reviewing a motion to sever defendant's trial from that of his or her codefendant, this Court should consider as appropriate: problems involving codefendant's extrajudicial statements; absence of substantial independent competent evidence of defendant's guilt; antagonistic defenses as between codefendant and defendant; and difficulty in segregating State's evidence as between codefendant and defendant.

---

[10] *Ashley v. State*, 85 A.3d 81, 85 (Del. 2014) (citing to Super. Ct. Crim. R. 8(a)).
[11] Anderson v. State, 2021 WL 1205908, at *3 (Del. Mar. 30, 2021); Super. Ct. Crim. R. 8(a).
[12] Super. Ct. Crim. R. 14.

6

Mr. Brisco argues that Mr. Shackelford had made extra-judicial statements that implicate him in the charged offenses. Hostility between a defendant and his co-defendant, or mere inconsistencies in defenses or trial strategies, does not require severance *per se*.[13] In other words, mutually antagonistic defenses do not automatically require severance.[14] On the other hand, when "the jury can reasonably accept the core of the defense by either defense only if it rejects the core of the defense offered by his co-defendant, the defenses are sufficiently antagonistic to mandate separate trials."[15]

Here, Mr. Brisco and Mr. Shackelford's statements to the police are sufficiently antagonistic and, as found in *Jenkins v. State*,[16] trying the defendants together would effectively try each defendant upon the extra-judicial statement of the other.[17]

Mr. Brisco, in his post-Mirandized statements to law enforcement, claimed that Mr. Shackelford informed him that the Victim stole money from him and that is why he wanted Mr. Brisco's help. Mr. Shackelford, in statements made to the police, claimed that he only wanted Mr. Brisco's help to offer help to the Victim, his ex-

---

[13] *Manley*, 709 A.2d at 652.
[14] *Id.*
[15] *Bradley v. State*, 559 A.2d 1234, 1241 (Del. 1989).
[16] *Jenkins. v. State*, 230 A.2d 262 (Del. 1967).
[17] *Cf. Id.* with *Anderson*, 2021 WL 1205908, at *3.

7

girlfriend, and claimed that she would be too embarrassed to see him under those circumstances.

Mr. Brisco, in his post-mirandized statements to law enforcement, claimed that Mr. Shackelford held the Victim down and questioned her about money that was owed. Mr. Shackelford denies that he held the Victim down and questioned her about money.

Mr. Brisco, in his post-mirandized statements to law enforcement, claimed that he searched for money, at Mr. Shackelford's instruction, but did not find or take any. Mr. Shackelford informed law enforcement that he believed it was possible Mr. Brisco stole money when he wasn't watching.

Mr. Brisco, in his post-mirandized statements to law enforcement, claimed that he opened the door for Mr. Shackelford to allow him to enter the Victim's motel room. Mr. Shackelford claims that the Victim opened the door for him and gave him a hug.

Although mere inconsistency is does not require severance, the arguments presented by Mr. Brisco and his codefendant are antithetical. Mr. Brisco's statements, made to law enforcement, could be reasonably accepted by a jury only if the jury rejected the statements made by Mr. Shackelford and vice versa. As Mr. Brisco claims, "Mr. Shackelford will almost certainly point-the-finger at Mr. Brisco

as part of his defense to Counts I through IV (and, vice versa)." There is a reasonable probability that a joint trial will cause substantial injustice.

Moreover, under *Bruton v. United States*, the State would be constitutionally barred by the Sixth Amendment from producing such testimony in a joint trial of the two defendants.[18] The trials of Mr. Brisco and Mr. Shackelford must be severed insofar as *Bruton* is concerned in order to permit the State to put forward its evidence of Mr. Brisco's confession and implication of Mr. Shackelford before Mr. Brisco's jury only – and vice versa. Accordingly, severance is warranted.

## CONCLUSION

For the forgoing reasons, Mr. Brisco's Motion to Sever Defendants is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**The Honorable Calvin L. Scott, Jr.**

---

[18] *Bruton v. United States*, 391 U.S. 123 (1968).