## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | **Case Nos.:** **2102001459** |
| | ) | **2301009216** |
| CEDRIC SAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

*Upon Consideration of Defendant's Motion for Relief from Joinder:*

**DENIED**

*SUBMITTED: September 11, 2023*

*DECIDED: September 12, 2023*

Diana A. Dunn, Deputy Attorney General, of THE DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware, for the State of Delaware.

Ashley Callaway, Esquire, and Erika LaCon, Esquire, of THE DELAWARE OFFICE OF DEFENSE SERVICES, Wilmington, Delaware, for Cedric Saylor.

**JONES, J.**

## INTRODUCTION

This motion for relief from joinder brought by Defendant Cedric Saylor requires the Court to perform an analysis to determine if separate Sexual Abuse charges involving two minors should be separately tried together. For the reasons that follow, the Court finds that the "common scheme or plan" requirement for a proper joinder of offenses under Superior Court Criminal Rule 8(a) has been met in this case. Accordingly, Mr. Saylor's motion must be **DENIED**.

## FACTUAL AND PROCEDURAL OVERVIEW

Cedric Saylor ("Defendant") has been indicted by a Grand Jury in a single indictment for multiple sex crimes against two different victims, both of which are his minor daughters. Defendant has moved to sever Counts I through IX from Counts X through VII. Counts I through IX involve J.S., with a date of birth of February 20, 2010. The charges for Counts I through IX are First Degree Rape, Second Degree Rape, Attempted Rape First Degree, Unlawful Sexual Contact, Sexual Abuse of a Child by a Person in a Position of Trust, Authority, or Supervision, and Continuous Sexual Abuse of a Child Over a Period of Time from 2014 to 2022. Counts X through XII involve A.S., with a date of birth of November 19, 2006, and involve one incident alleged to have occurred sometime between July 6, 2019, and July 9, 2019. The charges for Counts X though XII are Unlawful Sexual Contact First Degree and Sexual Abuse of a Child by a Person in a Position of Trust, Authority, or Supervision.

## STANDARD OF REVIEW

Superior Court Criminal Rule 8(a) provides that two or more offenses may be

charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character.[1] The purpose of this rule is to promote judicial economy and efficiency.[2] The defendant bears the burden of demonstrating substantial injustice and unfair prejudice from a denial of a motion to sever.[3] Mere hypothetical prejudice from denial is not sufficient.[4] The plain fact that the crimes were separate and were committed against different individuals, with a lapse of time between them, does not require severance.[5] Ultimately, the Court must balance the rights of the accused against the legitimate concern for judicial economy.[6]

In *Weist v. State*, 542 A.2d 1193 (Del. 1988), the Delaware Supreme Court identified three forms of prejudice that a criminal defendant may suffer as a result of improper joinder of offenses: (1) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find; (2) the jury may use evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find guilt of the other crime or crimes; and (3) the defendant may be subject to embarrassment or confusion in presenting different and separate defenses to different charges.[7]

## ANALYSIS

Defendant claims that he will suffer the second type of prejudice if the counts are

---

[1] Del.Super.Ct. Crim.R., Rule 8(a).
[2] *Mayer v. State*, 320 A.2nd 713 (Del. 1974); *State v. Rosario*, 2023 WL 2609629 (Del. Super. 2023).
[3] *Bates v State*, 386 A.2nd 1139, 1141 (Del. 1978); *Lampkins v. State*, 465 A.2d 785 (Del. 1983); *State v. Allen*, 2003 WL 2327795 (Del. Super. 2003).
[4] *Bates v. State*, 386 A.2d at 1142; *Younger v. State*, 496 A.2d 546 (Del. 1985).
[5] *Skinner v State*, 575 A.2d 1108, 1118 (Del. 1990).
[6] *Mayer v State*, 320 A.2nd 713, 717 (Del. 1974).
[7] *Wiest v. State*, 542 A.2d 1193, 1195 (Del. 1988).

not severed; namely that the jury may use evidence of one of the crimes to infer a general criminal disposition of the Defendant in order to find guilt.

In responding to the Defendant's request to sever, the State maintains that all the offenses are of the same general character, involved a similar course of conduct, and occurred at the same location. The State also maintains that the offenses are "inextricably intertwined."[8]

The multiple offenses allege similar sexual acts committed by Defendant against his minor daughters. The state has proffered that both victims and a third witness would testify at each trial, even if the cases were severed. The proffer is that the abuse is alleged to have occurred at the Defendant's resident where all three girls would visit and spend the night regularly. Each will testify about the defendant's actions against them. The investigations as to each victim involve significant overlap as it is alleged all of the children were present in the home together when some of the offenses would have occurred. Additionally, the offenses span a time frame that overlap. The multiple offenses charged in this indictment "are of the same general character and involve a similar course of conduct such that is it proper to try them together.[9]

Additional consideration must be given to the fact that these are cases involving allegations of late reported child sexual abuse. This Court has considered this factor in deciding similar motions. In *State v. Boughner*, the defendant was charged with committing various sexual acts against four minors.[10] During the investigation, one of the victims

---

[8] *State v. Rosario*, 2023 WL 2609629.
[9] *State v. Ferinden*, 2018 WL 2684069 (Del. Super. 2018); *State v. Rosario*, 2023 WL 2609629.
[10] 1995 WL 19200095 (Del. Super. 1995).

4

identified another potential victim.[11] The defendant moved to sever, arguing that the jury would cumulate the evidence and infer a general criminal disposition to find guilt. In *Boughner*, the Court talked about the challenges of a late reported sexual abuse case which lacked physical evidence. This Court denied severance in *Boughner* where the crimes against each child were so inextricably intertwined as to make the proof of one crime impossible without proof of the other.[12]

In *State v. Ferinden,* this Court recognized that the credibility of the witnesses becomes paramount in a late reported minor abuse case, elevating the State's need to present as to how the investigations unfolded and how one victim identified another.[13] There, the Superior Court denied Defendant's motion for relief from joinder because both offenses, although different victims, were of the "same general character, involving a similar course of conduct and taking place within a relatively brief span of time."[14]

This is a late reported child abuse case. The facts presented in both *Boughner* and *Ferinden* are present in instant case. As in *Boughner*, this is a late reported sexual abuse case where there is a lack of physical evidence, and the credibility of the victims is essential to the determination of guilty. Similarly to *Ferinden*, in the instant case, the affidavit of probable cause makes it clear that police learned of the actions against J.S. during the course of the investigation of the matters involving A.S. These cases are inextricably intertwined and should be tried by one jury.

---

[11] *Id.* at 2.
[12] *Id.* at 4.
[13] *Id.*
[14] *Id.* at 5.

Defendant maintains that application of the factors in *Getz v. State* require severance.[15] This court disagrees. The evidence of the various incidents is material in showing intent, *modus operandi*, opportunity, and identity. The evidence is material to the issues in the case; the evidence is introduced for a purpose sanctioned by Rule 404(b) (Intent, *modus operandi*, opportunity, and intent); the evidence will be proved by plain, clear and conclusive proof; the acts are not too remote in time; and the probative value of the evidence outweighs the prejudice. With respect to this last factor, the evidence is disputed; the proof of the prior conduct is adequate; the probative force of the evidence is obvious; the state needs the evidence to explain the late reporting and the course of the investigation; there is no other available proof; there is similarity of the prior wrong to the charged offense; and an appropriate limiting instruction will be given.

## CONCLUSION

The Court is satisfied that the common scheme or plan requirement for a proper joinder of offenses under Superior Court Criminal Rule 8(a) has been met in this case. Further, the Court is satisfied that the Defendant will not be unduly prejudiced by such joinder.[16] The counts have independent logical relevance on the issue of intent, *modus operandi*, opportunity, and identity. The probative value of trying these counts together is not substantially outweighed by the danger of unfair prejudice. The Court will instruct the jury that it may not infer a general criminal disposition on the part of the defendant from the multiple charges and that the jury is not to accumulate evidence present on these

---

[15] *Getz v. State*, 538 A.2d 726 (Del. 1988).
[16] Super.Ct. Crim.R., Rule 14.

offenses in order to justify a finding of guilt as to the particular offenses.

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._
Francis J. Jones Jr., Judge

_Original to Prothonotary_