# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | **I.D. Nos.** | **2401004416** |
| v. | ) | | **2312012328** |
| | ) | | **2409012343** |
| ANKEEM RODGERS, | ) | | **2501002387** |
| | ) | | |
| Defendants. | ) | | |

Submitted: July 10, 2025
Decided: July 10, 2025

## OPINION and ORDER

*On Defendant's Motion for Relief from Prejudicial Joinder*

**DENIED**

*Christina Davis, Esquire and Cassandra Balascak, Esquire, Deputy Attorneys General*, Attorney General's Office, Wilmington, Delaware, *Attorneys for Plaintiff.*

*James O. Turner, Esquire, Assistant Public Defender,* Office of the Defense Counsel, Wilmington, Delaware, *Attorneys for Defendant*

**Jones, J.**

Defendant Ankeem Rodgers ("Rodgers") is charged by Indictment, alleging the following offenses: (1) Stalking in violation of Title 11 Section 1312; (2) Criminal Trespass Third Degree in violation of Title 11 Section 821; (3) Harassment in violation of Title 11 Section 1311; (4) Terroristic Threatening in violation of Title 11 Section 621; (5) Criminal Trespass Third Degree in violation of Title 11 Section 821; (6) Harassment in violation of Title 11 Section 1311 (7) Terroristic Threatening in violation of Title 11 Section 621; (8) Burglary First Degree in violation of Title 11 section 826; (9) Assault Third Degree in violation of Title 11 section 611; (10) Strangulation in violation of Title 11 section 607; (11) Reckless Endangering Second Degree in violation of Title 11 section 603; (12) Offensive Touching in violation of Title 11 section 601; (13) Assault Third Degree in violation of Title 11 section 611; (14) and (15) Endangering the Welfare of a Child in violation of Title 11 section 1102. This time period for these charges stems from December 27, 2023 to September 23, 2024.

Rodgers is also charged in this Indictment with the following offenses which have dates ranging from September 24, 2024 to January 7, 2025: (16) Stalking in violation of Title 11 section 1312; (17) Non-Compliance with Bond in violation of Title 11 section 2113(c); (18) Non-Compliance with Bond in violation of Title 11 section 2113(c); (19) Criminal Contempt of a Domestic Violence Protective Order in violation of Title 11 section 1271A; (20) Non-Compliance with Bond in violation of Title 11 section 2113(c); (21) Non-Compliance with Bond in violation of Title 11

2

section 2113(c); (22) Non-Compliance with Bond in violation of Title 11 section 2113(c); and (23) Criminal Contempt of a Domestic Violence Protective Order in violation of Title 11 section 1271A.

Rodgers has moved to sever, for trial purposes, Counts 1-15 from Counts 16-22. The State opposes. This is the Court's decision on the motion.

## LEGAL STANDARD

Under Superior Court Criminal Procedure Rule 8, two or more offenses may be joined in the same indictment "if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."[1] The rule of joinder "is designed to promote judicial economy and efficiency, provided that the realization of those objectives is consistent with the rights of the accused."[2] To that end, Superior Court Criminal Procedure Rule 14 provides that the Court may order separate trials if it appears that a defendant is prejudiced by joinder of offenses in an indictment, even though the offenses were properly joined.[3] A motion to sever is addressed to the sound discretion of the trial court.[4] The defendant bears the burden of demonstrating that prejudice will result from denial of a motion to sever.[5] Mere hypothetical prejudice is insufficient to meet the

---

[1] Super. Ct. Crim. R. 8(a).
[2] *Weist v. State*, 542 A.2d 1193, 1195 (Del. 1988) (quoting *Mayer v. State*, 320 A.2d 713, 717 (1974) ).
[3] Super Ct. Crim. R. 14; *see also Wiest*, 542 A.2d at 1195.
[4] *Wiest*, 542 A.2d at 1195; *State v. Goldsborough*, 2000 WL 706791, at *1 (Del. Super. Mar. 21, 2000); *State v. Boughner*, 1995 WL 1920095 (Del. Super. July 13, 1995).
[5] *Wiest*, 542 A.2d at 1195 (citing *Bates v. State*, 386 A.2d 1139, 1141 (Del. 1978).

defendant's burden.[6] There are three types of prejudice a defendant may suffer from joinder of offenses:

> 1) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find; 2) the jury may use the evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find guilt of the other crime or crimes; and 3) the defendant may be subject to embarrassment or confusion in presenting different and separate defenses to different charges.[7]

An important factor to consider in ruling on a motion to sever is whether evidence of one crime would be admissible in trial of the other. If so, "there would be no unfair prejudice in having a joint trial."[8]

In determining if evidence of one crime is admissible in the trial of another, the analysis set forth in *Getz v. State*[9] must be followed:

> (1) The evidence of other crimes must be material to an issue or ultimate fact in dispute in the case. If the State elects to present such evidence in its case-in-chief it must demonstrate the existence, or reasonable anticipation, of such a material issue.
> (2) The evidence of other crimes must be introduced for a purpose sanctioned by Rule 404(b)[10] or any other purpose not inconsistent with the basic prohibition against evidence of bad character or criminal disposition.

---

[6] *Bates v. State*, 386 A.2d 1139, 1142 (Del. 1978).
[7] *Weist*, 542 A.2d at 1195.
[8] *Monroe v. State*, 28 A.3d 418, 426 (Del. 2011).
[9] 538 A.2d 726, 734 (Del. 1988).
[10] In Delaware Rules of Evidence, Rule 404, it is provided:
   (a) Character Evidence.
   (1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. * * *
   (b) Crimes, Wrongs, or Other Acts.
   (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
   (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

(3) The other crimes must be proved by evidence which is "plain, clear and conclusive." (Citation omitted).

(4) The other crimes must not be too remote in time from the charged offense.

(5) The Court must balance the probative value of such evidence against its unfairly prejudicial effect, as required by D.R.E. 403.

(6) Because such evidence is admitted for a limited purpose, the jury should be instructed concerning the purpose for its admission as required by D.R.E. 105.

The threshold test is relevancy; the "misconduct must be logically related to the material facts of consequence in the case."[11]

## ANALYSIS

The joinder is appropriate in this case given that the offenses charged are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. The charges all involve the same victim and, in each charge, the Defendant is alleged to exhibit many of the same behaviors including: showing up unannounced at the victim's residence, repeatedly calling the victim, threatening the victim, and violating active no contact orders.

Stalking requires that the defendant "knowingly engaged in a course of conduct directed at a specific person and that conduct would cause a reasonable person to fear physical injury to himself or herself or that of another person; or suffer other significant mental anguish or distress that may, but does not necessarily, require medical or other professional treatment or counseling."[12] Course of conduct

---

[11] *Getz*, 538 A.2d at 731.
[12] 11 *Del. C.* §1312(a).

is defined as: "3 or more separate incidents, including, but not limited to, acts in which the person directly, indirectly, or through third parties, by any action, method, device, or means, follows, monitors, observes, surveys, threatens, or communicates to or about another, or interferes with, jeopardizes, damages, or disrupts another's daily activities, property, employment, business, career, education, or medical care."[13]

To establish Stalking, the State must prove that the Defendant committed a course of conduct. This does not require that the Defendant be separately charged with individual crimes to make up that course of conduct. It is alleged that the Defendant engaged in activity that disrupted the victim's daily life throughout the timespan as alleged in the indictment. It is alleged that this was an ongoing course of conduct that spanned the entirety of two years. There was not a 9-month gap as stated by the Defendant. There is a one-day gap.

In making a determination on whether charges should be severed in a particular case the Delaware Supreme Court has ruled that "if such evidence were admissible at a separate trial, there would be no unfair prejudice in having a joint trial."[14] Pursuant to the Delaware Rules of Evidence Rule 404(b), evidence of other crimes, wrongs or acts are not admissible to prove defendant's character in order to demonstrate that defendant committed another crime.[15] Rule 404(b), however,

---

[13] *Id.* §1442 (e)(1).
[14] *Monroe*, 28 A.3d at 426.
[15] D.R.E. Rule 404(b).

permits jury consideration of "[e]vidence of other crimes, wrongs or acts . . . for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[16] Evidence of prior crimes is admissible so long as such evidence is relevant and material for any purpose other than to prove that the defendant possessed a particular character, propensity or disposition to commit the charged offense, and where the evidence is not unfairly prejudicial.[17]

The evidence of Defendant's prior conduct would be relevant to show motive and intent for the stalking behavior and to demonstrate why the victim was fearful. Accordingly, even if the charges were severed, the evidence of all prior incidents would be admissible to prove the course of conduct element during the time period of the later Stalking charge.

Separate trials would not prevent each jury from hearing the evidence, as the evidence of the other crimes would be necessary for the State to prove its case in each trial. The Defendant is not only charged with Stalking where evidence of all prior crimes involving this victim would be presented but he is also charged with multiple counts of Non-Compliance with Bond Conditions where evidence of each active no contact order violation would be presented, including evidence of why there is an active no contact order.

---

[16] *Id.*

[17] *Getz v. State*, 539 A.2d 726, 730-31 (Del. 1988).

Applying the *Getz* factors, this Court concludes: (1) the evidence relating to Counts 1-15 is material to Counts 16-23 and vice versa; (2) the evidence of the first set of charges is permitted under section 404(b) as explained herein; (3) the evidence of the crimes can be proven by plain, clear and conclusive evidence; (4) Counts 1-15 are not too remote in time from Counts 16-23; (5) the value of joinder is not out-weighed against its prejudicial effect; and (6) if requested, the Court will give a limiting instruction.

Trying these cases together promotes judicial efficiency. These cases are so inextricably intertwined that the State would be seeking to admit some of the same evidence and illicit some of the same testimony in each of the trials. Severing this indictment into two individual cases would be a waste of judicial resources.

For the above reasons, Defendant's Motion for Relief from Prejudicial Joinder is **DENIED**.

**IT IS SO ORDERED**.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:     Original to Prothonotary